(38 South. 476.)

No. 15,375.

D'ECHAUX v. GIBSON CYPRESS LUMBER CO., Limited.*

(Feb. 27, 1905.)

LANDLORD AND TENANT—LEASE OF BOAT—DESTRUCTION BY FIRE—LIABILITY OF LESSEE.

1. The lessee did not violate the contractual stipulations which required him to return the thing leased at the expiration of the lease.

2. The property was destroyed by fire, an accident against which the lessee did not warrant.

3. The care was usual care, and the way the property was cared for received the expressed sanction of the owner.

4. The obligation to return the property must be taken as subject to the condition relating to wear and tear. The accident was not due to the negligence of defendant, and is to be considered in the light of an unavoidable accident. The testimony does not show that the lessee omitted to do an act he was called upon to do. If there was anything omitted, the plaintiff did not object; on the contrary, assented.

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; Louis Philip Caillouet, Judge.

Action by Jules D'Echaux against the Gibson Cypress Lumber Company, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

Suthon, Wallis & Wurzlow and Albert Voorhies, for appellant. Harris Gagné, for appellee.

BREAUX, C. J. The alleged value of the pullboat, fixed by plaintiff at $2,850.79, is the amount claimed.

It was in the possession of the defendant

---

*Rehearing denied April 10, 1905.

lessee, and while in his possession it was partially destroyed by fire.

Defendant went into possession of the pullboat and other property on the 17th day of September, 1902, under a notarial act which changed the terms of a prior written act entered into between plaintiff and defendant.

In the latter act the plaintiff and defendant agreed that the right which had been reserved by plaintiff, D'Echaux, to operate the pullboat and pull out logs from the swamps, described in the former act, was transferred to the defendant company. It, the Gibson Cypress Lumber Company, obtained in the said acts, as lessee, under the terms of the first-mentioned act, the right to pull out the logs from property described in the acts of the parties. A rental was agreed upon for the use of the pullboat.

Unquestionably, the defendant was the lessee of the plaintiff. The contract of lease in question contained the following clause relating to the pullboat and other property leased by plaintiff to defendant:

"All of which shall be returned including pullboat to said party of the first part in good order and condition, ordinary wear and tear excepted at the expiration of the contract."

Plaintiff urges that the pullboat was destroyed owing to the negligence of the defendant's company and its employés; that they did not keep a guard or watchman on the boat to prevent or guard against any loss or damage by fire; that such a guard or watch on pullboats is customary; that fire and loss as before mentioned were the result.

The defendant admits that it entered into contracts with plaintiff, denies all negligence on its part or on the part of any of its employés, and it avers that the relationship between it and plaintiff was that of "business manager," and not that of lessor and lessee.

It avers in its answer that "your defendant advised the employment of a watchman to guard the property of said plaintiff while it was under the control of your defendant, but was advised by this plaintiff not to do so; this plaintiff saying that he never had employed a watchman, and he saw no reason for doing so at that time."

With reference to the advice of plaintiff, D'Echaux, the president of the defendant company, B. B. Talbot, testified that he and plaintiff, D'Echaux, "held a conversation in regard to a watchman, each paying half of the expense to watch the shingle mill and pullboat"; and that Mr. D'Echaux said he did not think it was necessary, "since we left some one there to cool down, as he did," meaning to put out the fire on the boat.

Upon these issues of fact in the district court the case went to trial, and resulted in the rejection of plaintiff's demand and the dismissal of his action.

The asserted negligence of defendant, and the extent of the obligation of the lessee in case of fire, gives rise to the important issue which engages our attention.

We have not found that the defendant was guilty of negligence for which it can be held bound for the value of the boat destroyed.

It was owing to an accident to which it does not appear that defendant's negligence contributed.

Conceding, for the discussion, that the onus of proof was with defendant, it was not shown that it was negligent.

The defendant, we have noted, alleged that it had plaintiff's consent to limit the hours of the watchman's work, as was done, and abbreviate, with the view of some economy, the time he was to remain at the boat at night after all the fire had been put out. In proof of this contention is the testimony of its president, the correctness of which was not directly denied. We for an instant conceded, for the discussion, that the burden of proof was with the defendant, lessee, to prove that he was not negligent. But we

must say we do not think the burden was with defendant, for, under article 2723, Civ. Code, "he can only be liable for the destruction occasioned by fire, when *it is proved* that the same has happened, either by his own fault or neglect, or by that of his family." (Italics ours.)

It follows that this proof is one the plaintiff should make. Proven by whom? By plaintiff, of course. The article is susceptible of no other interpretation. It is not to be presumed, without proof, that the lessee was at fault.

Plaintiff assumed correctly this burden of proof by the allegations of his petition, and nothing shows that it ever shifted under the evidence.

If a lessee or owner be charged with negligence in that connection, the one thus alleging should make required proof to sustain his allegation. We do not think that this required proof was made.

Under different laws upon the subject, and, consequently, special jurisprudence upon the point, the lessee is liable unless he prove that the fire was by accident, or by superior force, or owing to bad construction.

"Il repond de l'incendie, à moins, qu'il ne prouve que l'incendie est arrive par cas fortuit ou force majeure ou par vice de construction." Code Nap. art. 1733.

If we had a similar provision in our own Code, the lessee would have to be held down to the same proof. In its absence, we must decline to create a burden the law does not impose.

We have not found it possible, in law and reason, to hold that the defendant or its employé was guilty of negligence.

We leave this point by saying, if there was anything omitted in watching the property, it was omitted with plaintiff's consent; and, furthermore, that it is not made to appear by preponderance of proof that a pullboat while not in use is property which should be protected by the constant presence of a watchman after he has carefully put out all the fire.

Plaintiff specially invokes that part of the contract which reads as follows, viz.:

"All of which shall be returned to said party of the first part in good order and condition, as a conditio sine qua non."

That clause has already received judicial interpretation, to which we will refer in a moment. It has not the far-reaching and absolute effect contended for.

If a fire occurs and leased property is destroyed, it does not of itself have the effect of imposing a liability. It must be shown that the lessee was at fault. It never had in view that a lessee became liable in case of fire for the acts of an incendiary, or any other acts in nature of tort with which he, the lessee, was not in the least connected. The clause in the act of lease between the parties is only a repetition of the articles of Civ. Code, art. 2719, which has received repeated interpretation of this court.

The language of the Code, although embodied in the contract, does not enlarge the lessee's liability. One does not modify or enlarge a contract from which the law is, by expressing in the contract just what the law expresses.

It was referred to and commented upon in Payne v. James, 45 La. Ann. 381, 12 South. 492. Although the decision is not directly in point, it has some bearing, and goes far toward sustaining the view that the lessee cannot be held liable unless it clearly appears that his acts, or his want of proper administration, have done something toward causing the loss, even though the clause in question, "to return in good condition," be inserted in the contract of lease.

The point was considered in Seevers v. Gabel (Iowa) 62 N. W. 669, 27 L. R. A. 735, 58 Am. St. Rep. 381. A number of decisions were reviewed, in which it has been uniformly held that the condition in question does not add to the liability of the lessee to the

lessor whose property is destroyed by fire without fault attributable to the lessee.

The lessor has the right to insure the property, or to stipulate for insurance by the lessee, or for his liability by fire under stipulated conditions; he has no right to render the lessee liable under a general condition which only emphasizes that he must take good care of the property under which he, the lessee, can hold his lessee liable. Without special covenant the plaintiff cannot require his lessee to build another boat, which would be the extent of his right were the law as he urges.

The destruction of the property without defendant's fault puts an end to the contract, and it cannot be revived under the condition invoked, which does not give rise to the implication that it involves a right to require specific performance of the defendant.

The lessee cannot be expected under the condition to do more for the property leased than for his own under a fairly good management.

We know that the owner who loses his property while in the possession of another is prone to think that he would have done better had he had it in his own possession. This does not have the effect of changing the terms of the laws.

While this case was argued at bar, and since, in going over the evidence and reading the briefs, we have given it careful attention. We leave it convinced that plaintiff is not entitled to recover the amount claimed.

The judgment is therefore affirmed.