**JONES v. SHELL PETROLEUM CORPORA-TION et al.**

No. 1586.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

Ponder & Ponder, of Amite, and Gordon Boswell and John A. Smith, Jr., both of New Orleans, for appellants.

E. H. Bostick, Jr., of Amite, and Rownd & Tucker, of Hammond, for appellee.

Le BLANC, Judge.

The Shell Petroleum Corporation leased the premises at the corner of Thomas and Holly streets in the city of Hammond from Arthur O. Jones, the plaintiff herein, and there operated a gasoline filling station. The underground supply tanks are filled with gasoline from automobile tank trucks; the connection from the tank on the truck to the supply tank being a strong rubber hose pipe, at the end of which is a spring valve. The valve is operated by means of a lever which is attached to the spring. As long as this lever is held down, the valve remains open, and, as soon as the spring is released by relieving the pressure which holds the lever down, it closes. The usual way of opening the valve is for the person handling it to press the lever with his hand, and he then releases it when ready to close it. It seems, however, that the lever which controls the spring may also be held down by means of a block or some other object, and thus, in filling a large supply tank, it is not necessary for the person operating the valve to have to hold it during the considerably long time that it takes to do so.

On October 8, 1934, between 6 o'clock and 6:30 in the evening, the Shell Petroleum Company was delivering gasoline to the station it leased from the plaintiff, transferring it in the manner just indicated, from one of its tank trucks to one of the underground supply tanks. While the delivery was being made, it was discovered that the filling station was on fire. Assistance was rendered as soon as possible, but there was damage done to the station, which is estimated at $516.95 by a contractor on behalf of the plaintiff, and at $338.70 by another contractor on behalf of the defendants.

Plaintiff claims that the fire and resulting damage to his property were caused solely and entirely by the gross fault and negligence of the Shell Petroleum Corporation, its agents and employees in charge of the station, and has instituted this suit to recover the amount of his alleged loss, that is, $516.95, and has had cited as defendants, the said named corporation, one Kenneth M. Baird, its agent in the territory surrounding the city of Hammond, and one Oakley S. Pantall, the agent in

charge of the filling station. The American Automobile Insurance Corporation is also made defendant as the insurer of the Shell Petroleum Corporation against any such loss or damage as the one herein complained of.

In his original petition plaintiff had alleged fault and negligence on the part of the defendant and its agents in the most general terms, but, on an exception of vagueness having been filed, he specified the acts charged in a supplemental petition. Even then he alleges that the cause and origin of the fire is unknown to him, but that, as the agents and employees of the Shell Petroleum Corporation were present, they must have knowledge thereof. We understand the gist of his complaint against these defendants to be that, in removing the tank truck after the fire had started, the valve attached to the hose connection was left open, and gasoline was permitted to flow from the truck, thus spreading the fire around the premises and causing the damage to the building.

All of the defendants, except Oakley S. Pantall, answered, denying liability in any manner, and putting at issue the charge of fault and negligence contained in plaintiff's original and supplemental petitions.

Upon a hearing of the case and submission without argument, the trial judge rendered judgment from the bench in favor of the plaintiff and against all defendants except Pantall, jointly and in solido, in the sum of $427.82, whereupon the three defendants cast in the judgment took this appeal.

█ Although plaintiff has alleged that the defendant Shell Corporation is his lessee of the property, he does not seek to impose any obligation on that corporation because of that relation for the loss he claims to have sustained. Civil Code, art. 2721, provides that the lessee is liable for injuries and losses sustained by the thing leased only when they have been sustained by his fault. Article 2723 particularly provides that "he can only be liable for the destruction occasioned by fire, when it is proved that the same has happened either by his own fault or neglect, or by that of his family." In passing on the question of the burden of proof under this last article, the Supreme Court, in the case of D'Echaux v. Gibson Cypress Lumber Co., 114 La. 626, 38 So. 476, specifically held that the plaintiff who alleged the acts of fault or neglect carried the burden of sus-

taining them by the required amount of proof. So, after all, the suit resolves itself into the ordinary tort action in which the plaintiff must show, by a fair preponderance of testimony, that the loss or damage he claims to have sustained was caused through the fault or negligence of the one whom he has charged with it.

The district judge, in dictating reasons for judgment in the record at the closing of the case, stated that there "was no direct testimony as to who started the fire or how it started." In that statement we readily agree with him. He held the defendants liable, however, on the theory that the employee of the Shell Petroleum Corporation in charge of the tank truck had evidently used some device to hold down the lever which opened the valve on the hose connected to the tank, instead of holding it open with his hand, and that, when the hose was pulled from the underground tank, the valve remained open, and gasoline was thus permitted to continue to flow and spread about the premises, and, as it did, it ignited and caused the greater part of the damage. He closes his statement by saying that the "testimony shows that all attending people were either agents or employees of the Shell Company, and, therefore, the Court will render judgment in favor of the plaintiff. * * *"

█ In assessing damages in favor of one person who claims to have suffered them through the fault or negligence of another, courts are not permitted to indulge in theories, probabilities, and mere assumptions. The one claiming the loss or injury must show a causal connection between such loss and injury and the act which he charges as the fault or negligence of the other, and this he has to do with reasonable certainty. Transportation Mut. Ins. Co. v. Southern Scrap Material Co., Ltd., 181 La. 1028, 160 So. 800. In this case, plaintiff's property was no doubt damaged to some extent by a fire, but who or what caused the fire no one, as far as the record shows, knows anything about. The mere presence of some of the employees of one of the defendants, the only persons on the premises at the time, does not even give rise to a presumption that they had anything to do with the origin of the fire. They were there in the performance of their duties as employees of that defendant who was the lessee of the property. Whatever may be said as to the manner in

which the valve attached to the hose connecting the two tanks was held open, and on this point we find that there is no more positive proof than on any other, the fact remains that this was not the cause of the fire. When the hose was withdrawn from the underground tank, the fire was already burning, and no one seems to know where or how it had started. To say that the igniting of the gasoline which flowed from the hose caused the greater part of the damage is to again indulge in a bit of speculation, and, even were that so, it cannot be said to have been the cause of the damage, the fire having had its origin in some other undetermined cause.

It is our opinion that the plaintiff has failed to show, with any degree of reasonable certainty, that the loss or damage he sustained to his property by this fire was through the fault or negligence of the defendant Shell Petroleum Corporation or any of its agents or employees, and therefore the judgment of the lower court which held them liable is erroneous and must be reversed.

For the reasons stated, it is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that there be judgment herein in favor of the defendants and against the plaintiff, rejecting the latter's demand and dismissing his suit at his costs.