[No. 7,094.—Department One.]

MATILDA A. EDWARDS v. THE SONOMA VALLEY BANK ET AL.

SALE OF PERSONAL PROPERTY—DELIVERY—FRAUD AS TO CREDITORS—CONSTRUCTION OF CODE—CONFLICT OF EVIDENCE.—A sale of personal property, not accompanied by immediate delivery, is void as to existing creditors, though delivered before levy.

APPEAL from a judgment for the defendant in the Twenty-second District Court, County of Sonoma. TEMPLE, J.

*George A. Johnson* and *Barclay Henley*, for Appellant.

The case of *Watson* v. *Rodgers*, 53 Cal. 402, ought to be

overruled.   (*Wilson* v. *Leslie*, 20 Ohio, 161; *Brown* v. *Webb*, id. 389.)

*Rutledge & McConnell*, for Respondents.

The sale was void, for the reason that there was not an immediate delivery and a continued change of the possession of said property.   (Civ. Code, §§ 3440, 3442; *Watson* v. *Rogers*, 53 Cal. 401; *Hesthal* v. *Myles*, id. 623; *Woods* v. *Bugby*, 29 id. 466; *Cahoon* v. *Marshall*, 25 id. 197; *West* v. *Paul*, 22 id. 492.)

By COURT:

1. The defendant was a creditor of A. S. Edwards from a date prior to the execution of the bill of sale by him, and to any attempted delivery to his vendee of the property subsequently levied upon under the execution issued upon the judgment in favor of defendant against said A. S. Edwards. Assuming a delivery and change of possession to have occurred before the levy of the execution, the sale of A. S. Edwards was nevertheless void, as against defendant, if not accompanied by an immediate delivery, followed by an actual and continued change of possession.   (*Watson* v. *Rodgers*, 53 Cal. 401.)

2. The Court below found as a fact (although the finding is among the conclusions of law) that there was not an immediate delivery or continued change of possession by and from A. S. Edwards to Harasthy.   We can not say that this finding is not sustained by the evidence, or that it is contradicted by, or can not co-exist with, the probative facts found.

Judgment affirmed.