[No. 9485. In Bank. — February 23, 1887.]

JOSEPH FOOT, ADMINISTRATOR OF THE ESTATE OF JOSE I. ROZE, DECEASED, RESPONDENT, v. A. S. MURPHY, APPELLANT.

EJECTMENT — PRIOR POSSESSION — OUSTER — EVIDENCE — FINDINGS. — The action was brought to recover the possession of certain land to which neither party had or claimed any paper title. The plaintiff relied upon prior possession. The findings showed that the plaintiff's decedent entered into possession of the land, and so remained for about ten years; that this possession was continued by the plaintiff as administrator until his ouster by the defendant; that the land was used by the decedent and the administrator for the purpose of grazing cattle; that the former inclosed the land with a fence, except on one side, where he owned the adjoining land, which was used for grazing in connection with the premises in controversy; that they excluded all other persons therefrom, and used it exclusively for grazing purposes. *Held*, that the judgment in favor of the plaintiff was sustained by the findings.

ID. — TITLE IN THIRD PERSON. — In such a case, the defendant cannot justify the ouster by showing title in a third person.

PRACTICE — CONCLUSIONS OF LAW — FINDINGS OF FACT. — Placing findings of facts among the conclusions of law does not make them conclusions of law.

ID. — EVIDENCE. — The rulings of the court on the admissibility of certain evidence stated in the opinion, *held*, proper.

APPEAL from a judgment on the Superior Court of San Benito County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Burchard & Cothran,* and *Burchard & Scott,* for Appellant.

*Briggs & Hawkins,* for Respondent.

FOOTE, C. — This is an action of ejectment brought by Joseph Foot, as the administrator of José Ignacio Roze, deceased, against A. S. Murphy, to recover possession of certain lands of the decedent's estate.

The plaintiff obtained judgment for the recovery of the premises, one dollar damages, and the costs of the

action; from that, and an order denying him a new trial, the defendant has appealed.

Neither party to the action claimed or showed any paper title to the premises, but the plaintiff relied upon the right of *prior* possession, from which he claimed to have been unlawfully ousted by the defendant, to sustain his contention.

It is contended by the defendant that the findings do not sustain the judgment.

They show substantially that the plaintiff's decedent entered upon the land, and took possession of the same ten years prior to the first day of April, 1883; that this possession was continued by the plaintiff as administrator until his ouster by defendant; that the land was subjected to the will and dominion of the decedent, and said administrator, for the purpose to which it was adapted, that is, the grazing of cattle; that the former inclosed it with a fence on all sides save that on which he owned other land, which other land was used by them for grazing, in conjunction with that in dispute; that they excluded all other persons from using it, and exclusively enjoyed its advantages for grazing purposes, by means of the fence and herders keeping their own cattle upon the land and other cattle away from it; which state of facts was sufficient to warrant the judgment. (*Sheldon* v. *Mull*, 67 Cal. 299, and cases cited.)

It is true that the defendant claimed a prior possession, and showed that at one time, anterior to that of the plaintiff, he had such possession, but the court found that such possession had been abandoned before that of the plaintiff commenced, and we think the evidence justified the finding.

The finding of abandonment appears under the heading of " Conclusions of Law," but it is evidently a mere finding of a fact.

Perhaps it is unfortunate that it, as well as other findings strictly of facts, appear under that same heading, but that does not constitute them conclusions of law.

We are of opinion, also, that the court found upon all the material issues raised by the pleadings.

The defendant also assigns for error the refusal of the court to allow Jamison, a witness, to answer this question: "Do you know why Anderson left?"—claiming that its answer would tend to show defendant's claim of prior possession. But we cannot agree with him.

It was not in issue or claimed that Anderson had any title, or transferred any to the defendant, and the former could not transfer any right to the latter by a mere abandonment of the premises.

The testimony of Domingo Roze, the brother of the deceased, as to conversations between himself, the former, and the defendant, were strictly in rebuttal of the testimony which the defendant had introduced, tending to show that the deceased had admitted the former's prior right, and disclaimed any on his own part.

The question put to that witness, "Did your brother ever say he claimed the lands north of the gulch?" was answered by him in the negative, hence no detriment accrued to the defendant.

The answer that he gave, viz., "He pointed out his inclosure," was not objectionable.

Upon the cross-examination of the same witness, this question was asked: "Was not the land in dispute occupied by another person when you say your brother and Murphy had their conversation?" It was objected to, and the objection sustained, and of that also the defendant complains, but, as we think, without sufficient grounds.

This was an action brought solely on the prior possession of the plaintiff, against the defendant as a mere trespasser, and the latter therefore could not justify his wrongful act by showing title in another. (*Bird* v. *Lisbros*, 9 Cal. 1; S. C., 70 Am. Dec. 617.)

The testimony of Mr. Briggs, and the documentary evidence introduced through him, were admissible as

tending to rebut the defendant's evidence, which went to show an acknowledgment of his prior right by the deceased.

The defendant also contends that the court should have allowed him to have been heard to testify in denial of the evidence given by Domingo Roze as to the conversation detailed by the latter in rebuttal.

If it appeared satisfactorily from the record that this evidence had been new matter, we should say that the point was well-taken; but it was not new matter, being in rebuttal of the claim which the defendant had during the trial, by evidence before that time advanced, that the deceased had admitted in a conversation that his right was subordinate to that of the defendant.

No prejudicial error appearing by the record, the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.

THORNTON, J., dissented.