89  543
'111  77¦

[No. 13490.   Department One. — June 23, 1891.]

## JAMES E. C. LEONARD, APPELLANT, *v.* PATRICK FLYNN, RESPONDENT.

EJECTMENT — EVIDENCE — POSSESSION OF PLAINTIFF AND GRANTORS — PRIMA FACIE CASE — NONSUIT. — In an action of ejectment, proof that the plaintiff and his grantors had been in the possession of the land for many years, and up to within a short time prior to the commencement of the action, claiming title thereto under conveyances from their respective grantors, establishes a *prima facie* case entitling the plaintiff to possession, and a nonsuit, granted upon the ground that the plaintiff had not shown any title in himself, is erroneous.

ID. — PRESCRIPTIVE RIGHT — PRIOR POSSESSION. — The possession required in order to recover in ejectment, where documentary evidence is lacking, need not go to the extent of ripening an adverse possession into legal title, but the prior possession of the plaintiff, or parties through whom he claims, is sufficient evidence of title to support the action.

EXECUTION — CERTIFICATE OF SALE — EQUITABLE ESTATE OF PURCHASER. — A sheriff's certificate of sale issued under an execution sale of property gives the execution purchaser a conditional equitable estate in the land, which becomes a perfect equity upon the expiration of the time allowed by law for redemption.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles B. Younger*, for Appellant.

The possession of the plaintiff and his grantors entitled him to a judgment for the recovery of the possession of the property. (*Nagle* v. *Macy*, 9 Cal. 427; *Potter* v. *Knowles*, 5 Cal. 87; *Pierce* v. *Stuart*, 45 Cal. 280; *Southmayd* v. *Henley*, 45 Cal. 101; *Foot* v. *Murphy*, 72 Cal. 104; *Golden Gate Company* v. *Hendy Machine Works*, 82 Cal. 184.) Plaintiff not only had the right to recover through the prior possession of his grantors, but that possession was coupled with the equitable title to the land. (*Winans* v. *Christy*, 4 Cal. 70; 60 Am. Dec. 597.) Though Briody, at the time of the execution of his deed to Margaret Curn, on June 12, 1874, had not the legal title to the land by virtue of the sale to him by the sheriff, yet he was the owner thereof in equity. (*Page* v. *Rogers*, 31 Cal. 293; *Walker* v. *McCusker*, 71 Cal. 594.)

*Julius Lee*, for Respondent.

GAROUTTE, J. — This is an action to recover the possession of a tract of land in Santa Cruz County.

Plaintiff appeals to this court from a judgment of nonsuit rendered against him.

His complaint was in the ordinary form, and the evidence upon which the trial court acted in granting the motion for nonsuit was as follows: —

The tract of land which forms the subject of this litigation was a part of the Rancho San Andreas. Upon August 18, 1873, by partition proceedings, the tract in dispute was set apart to Mary J. Roache in fee. Upon December 13, 1873, it was sold by the sheriff of Santa Cruz County, under and by virtue of an execution against her, to Edward Briody, who received a certificate of sale thereof containing the usual recitals. Upon June 12, 1874, Edward Briody conveyed it by grant, bargain, and sale deed to Margaret Curn. Upon January 22, 1880, it was conveyed in the same manner by John Curn and

Margaret Curn to Edward Leonard.   Upon December 19, 1887, it was conveyed by Edward Leonard and Mary E. Leonard to James Joseph C. Leonard.   Upon January 13, 1888, it was conveyed by the above-named grantee to the plaintiff in this action.   From June 12, 1874, until some time in 1886, plaintiff and his grantors were in the possession of the tract of land in dispute, claiming title to the same.

Defendant's answer denied the ownership of plaintiff, and set up title and possession in himself.   Defendant's motion for a nonsuit was made and granted upon the grounds that plaintiff had not shown any legal title in himself, either paper title, or by adverse possession, or any other title.

At the time Edward Briody conveyed the property, he had no title, other than a certificate of sale issued by the sheriff under an execution sale of the property.

Under such circumstances the legal title remained in the judgment debtor, and Briody had an equitable estate in the lands, conditional, but which would become a perfect equity upon the expiration of the time allowed by law for redemption.   (*Page* v. *Rogers*, 31 Cal. 301.)

Owing to the views we hold upon another branch of the case, it will not be necessary to pass upon the ruling of the court refusing to admit in evidence the deed from the sheriff based upon the certificate of sale.

The possession required by a plaintiff, in order to recover in ejectment, where his documentary evidence is lacking, does not go to the extent demanded in order to ripen an adverse possession into legal title.

" It is incumbent on the plaintiff in ejectment to prove the proper conveyances from a party having the title. If the conveyance is from a party in peaceable possession, claiming title at the time it was executed, that is sufficient, for possession is *prima facie* evidence of title." (Tyler on Ejectment, 541.)

In *Morton* v. *Folger*, 15 Cal. 283, Chief Justice Field

used the following language in the opinion of the court: "But aside from all considerations of the grant, the evidence was *prima facie* sufficient to go to the jury on the ground of the prior possession shown in Sutter. . . . . As prior possession in the plaintiff or his grantors is of itself sufficient to warrant a recovery, it would be strange if an unsuccessful attempt to add to it the additional weight of documentary evidence should operate to destroy its original and legitimate effect."

The same eminent jurist says, in *Nagle* v. *Macy*, 9 Cal. 427: "It is the settled doctrine of the law, repeatedly affirmed by this court, that the prior possession of the plaintiff or parties through whom he claims is sufficient evidence of title to support the action of ejectment." (*Foot* v. *Murphy*, 72 Cal. 104.)

When plaintiff proved that he and his grantors had been in the possession of this tract of land for many years, and up to within a short time prior to the commencement of this action, claiming title thereto, under conveyances from their respective grantors, he established a *prima facie* case, which entitled him to the possession, and the motion for a nonsuit should have been denied.

Let the judgment be reversed, and the cause remanded for a new trial.

HARRISON, J., and PATERSON, J., concurred.