[No. 15466. Department Two.—June 13, 1894.]

J. K. SHANAHAN, RESPONDENT, v. MILTON TOM-
LINSON ET AL., APPELLANTS.

EJECTMENT—PRIORITY OF POSSESSION.—Prior possession is sufficient ground for the maintenance of an action of ejectment against a naked trespasser.

ID.—PRESCRIPTIVE RIGHT OF PLAINTIFF—PAYMENT OF TAXES—UNNECESSARY PROOF.—The provision of section 325 of the Code of Civil Procedure relating to the payment of taxes by one claiming title to land by adverse possession applies only to a case in which there is a contest between the holder of the legal title and a party claiming possession for five years adversely to such legal title, and does not apply to a case where a plaintiff in an action of ejectment is simply protecting his possession against one who entered thereon without right or title.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion.

*Chamberlin & Wheeler*, for Appellants.

*Buck & Cutler*, for Respondent.

McFARLAND, J.—This is an action to recover possession of a certain piece of land. Judgment went for plaintiff, and defendants appeal from the judgment.

The court found that from 1878 plaintiff was in the uninterrupted and quiet possession of the land in con-

test, having it inclosed and using it for pasturage, and part of the time for purposes of cultivation, until January, 1892, when defendants, without right or title, entered upon said land and ousted plaintiff therefrom, and since then wrongfully withheld the possession thereof from plaintiff. Appellants contend that these findings are not sustained by the evidence; but we are satisfied that this contention cannot be maintained. The evidence, although somewhat conflicting, was of such a character as to put the determination of the facts entirely within the province of the court below.

Appellants, in their assignment of errors, say that "there is no proof in the case that plaintiff has ever paid any taxes on the land in dispute prior or subsequent to April, 1878"; and in their brief they say that the findings are defective because they do not show that taxes were paid. No point as to the payment of taxes seems to have been raised at the trial, or called to the attention of the court. But assuming that the point is here properly raised, this is not a case to which the provision of section 325 of the Code of Civil Procedure about the payment of taxes by one claiming adverse possession applies. That provision applies to a case in which there is a contest between the holder of the legal title and a party who claims that he has been in possession for five years " adversely to such legal title." (See section 321.) In the case at bar respondent is not claiming by adverse possession against the holder of the legal title; he is simply protecting his possession against one who entered thereon without right or title. And prior possession is always sufficient ground for the maintenance of ejectment against a naked trespasser.

The judgment is affirmed.

DE HAVEN, J., and GAROUTTE, J., concurred.