## STEPHENS et al. v. HAMBLETON et al.

### Sac. No. 165; December 15, 1896.

#### 47 Pac. 51.

**Ejectment — Motion for Nonsuit.**—In Ejectment, defendant's motion for a nonsuit is properly denied, where it appears that plaintiffs bought the property from its owner, and took a bond for deed, under which they entered into and held possession of the property, -claiming title thereto for more than two years before defendants entered and ousted them.

APPEAL from Superior Court, Yolo County; W. C. Van Fleet, Judge.

Action of ejectment by B. H. Stephens, administrator, etc., of P. H. White, deceased, and others, against J. W. Hambleton and others. From a judgment in favor of plaintiffs and an order refusing a new trial defendants appeal. Affirmed.

R. Clark for appellants; F. E. Baker and Craig & Hawkins for respondents.

BELCHER, C.—This is an action of ejectment to recover possession of a strip of land containing twenty-five and one-fifth acres. It appears that plaintiffs and defendants own adjoining tracts of land in Yolo county, plaintiffs' tract lying north of defendants' tract. The strip in controversy extends along the dividing line of the said tracts from the east to the west side thereof, and is claimed by both parties. The question is as to the true location of this dividing line. The case was tried by the court without a jury, and the findings upon all the issues were in favor of the plaintiffs. The judgment was that the plaintiffs recover possession of the said strip of land, and damages, in the sum of $475, sustained by plaintiffs by reason of the wrongful detention thereof. From this judgment and an order refusing a new trial defendants appeal.

1. The court did not err in denying defendants' motion for nonsuit. All of the deeds offered in evidence by plaintiffs were admitted without objection by defendants. Copies of the deeds are not set out, but most, if not all, of them had been recorded, and presumably, they were properly executed, ac-

knowledged and certified, so as to entitle them to record. The fact that plaintiffs bought the property from its owner, and took a bond for a deed, under which they entered into and held possession of the property, claiming title thereto, for more than two years before defendants entered and ousted them, was sufficient to enable them to maintain the action. Prior possession alone, as against a mere intruder, is sufficient to support an action of ejectment: Potter v. Knowles, 5 Cal. 88; Leonard v. Flynn, 89 Cal. 543, 26 Pac. 1099; Shanahan v. Tomlinson, 103 Cal. 89, 36 Pac. 1009.

2. It is claimed that the findings were not justified by the evidence. It is true the evidence was conflicting in many respects, but there was evidence sufficient, in our opinion, to justify all of the findings. The judgment cannot, therefore, be disturbed on this ground.

3. It is also claimed that the court erred in admitting certain evidence over the objection of defendants, and in refusing to strike out, on their motion, certain evidence given. In our opinion the record discloses no material error in any of the rulings complained of. Each of the said rulings appears to have been justified and proper. The damages awarded were authorized by the pleadings, evidence and findings. The judgment and order appealed from should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.