[Civ. No. 923.    First Appellate District.—February 26, 1912.]

MILLIE JESSEN, Formerly MILLIE RING, Respondent, v. PETERSON, NELSON & CO., a Corporation, Appellant.

FINDINGS—DUTY OF COURT—MATERIAL ISSUES—ULTIMATE FACT—PROBATIVE FACTS.—It is the duty of the trial court to find upon all of the material issues raised by the pleadings; and ordinarily it is necessary to the validity and sufficiency of findings that such court should find the ultimate fact in issue, or such probative facts as will enable the court to declare that the ultimate fact necessarily results therefrom. Where probative facts are found from which the existence of the ultimate fact may be conclusively inferred, the finding is sufficient, and a judgment based thereon will be sustained.

ID.—ACTION FOR DAMAGES FOR PERSONAL INJURIES—FINDINGS UPON MATERIAL ISSUES—ULTIMATE FINDING IN CONCLUSIONS OF LAW.— Where, in an action to recover damages for personal injuries to the plaintiff, alleged to have been caused by the negligence of the defendant, the court found for the plaintiff upon all of the material issues, and made an ultimate finding as to the total amount of damages sustained, in its conclusions of law, and rendered judgment therefor, the trial court's declaration that the plaintiff was entitled to a judgment therefor as the result of the damage inflicted by defendant was in effect a finding of the ultimate fact that plaintiff had been damaged to that amount.

ID.—CONSTRUCTION OF FINDINGS—POSITION IMMATERIAL—SUPPORT OF JUDGMENT.—The mere presence of the ultimate finding as to the amount of damages in the conclusions of law, rather than in the findings of fact, where it belonged, did not detract from or destroy its efficacy as a finding of fact; and so construed and read in conjunction with the preceding probative facts found by the court, it is sufficient to support the judgment upon the issue of damages.

Id.—Cause of Plaintiff's Injuries—Negligent Driving of Defendant's Horse and Buggy—Support of Finding as to Ownership and Control—Proof of Liability.—Where the alleged cause of plaintiff's injuries was the negligent driving of defendant's horse and buggy, and it was an admitted fact that the horse and buggy belonged to the defendant corporation, and that the driver was its vice-president and general superintendent of its work, "who had the right to operate the buggy" in the performance of its work, a finding of defendant's ownership of the horse and buggy, and that it was "wholly in the possession and control of the defendant at the time of the injury," was sufficiently sustained; and that the injury was the result of the negligence of such driver is all that need be shown to charge defendant with liability.

Id.—Accepted Rule as to Negligence of Employee Intrusted with Charge of Vehicle.—It is the accepted rule that, where an employee is intrusted with the possession and operation of a vehicle, with permission to use it, in his discretion, in the business of the employer, the latter will be held responsible in damages for injuries inflicted upon the person of another resulting from the negligence of the employee in the use and operation of the vehicle; and, in such a case, it is not necessary for the person seeking damages to prove that, at the time of the injuries, the employee was engaged in executing any particular business or specific command of his principal.

Id.—Sufficiency of Showing of Negligence—Tort in General—Scope of Employment.—That the employee, at the time of the commission of the tort, was acting within the general scope of his employment, and that the injury occurred as the result of his negligence, is all that need be shown in order to charge his employer with liability for such injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.     John Hunt, Judge.

The facts are stated in the opinion of the court.

N. A. Dorn, for Appellant.

William M. Cannon, and S. W. Molkenbuhr, for Respondent.

LENNON, P. J.—In this action the plaintiff recovered a judgment against the defendant for the sum of $1,000, as damages for personal injuries, alleged to have been caused by the negligent and reckless driving of a horse and vehicle owned

by the defendant and which, at the time of the accident, was being used in the business of the defendant and under the control of one of its agents.

The plaintiff's complaint alleged damages to her as the result of the accident, aggregating the sum of $2,310. Of this amount $2,000 was claimed for injuries to plaintiff's person and $310 was alleged to have been expended by her for nursing, medicines and surgical attendance.

The answer of the defendant specifically denied the existence of the damages pleaded, and upon the issue thus raised the trial court found for the plaintiff to the extent of $122.50 for money expended in medical attendance, but omitted in its findings of fact to designate the specific amount in which the plaintiff was damaged on account of personal injuries. The court did find however:

"1. That the plaintiff, at the time of the commencement of this action, was a *feme sole;* that since the said action was commenced plaintiff married. . . .

"3. That on the twelfth day of October, 1907, a horse and buggy owned by the defendant corporation, and wholly in the possession and under the control of said defendant corporation, was being driven along, over and upon Market street, a public highway and street in the city and county of San Francisco, and when at or near the junction of the following named public streets in the city and county of San Francisco, to wit, Jones, Market and McAllister streets, the defendant corporation handled, managed and drove said horse and buggy in such a careless, negligent, reckless and fast manner as to cause the defendant's buggy to strike the plaintiff and violently throw her to the ground and thereafter drag her for some distance, thereby bruising her body and breaking her right leg."

With the exception of the omission heretofore noted the trial court found specifically in favor of the plaintiff upon every material issue in the case, and from the findings as a whole deduced the single conclusion of law "that the plaintiff is entitled to judgment against the defendant in the sum of $1,000."

This appeal is from the judgment and from an order denying the defendant a new trial.

It is now insisted upon behalf of the defendant that the findings upon the issue of damages do not support the judg-

ment because of the neglect of the trial court to specifically designate in the findings of fact the amount in which the plaintiff was damaged by reason of the injuries alleged and found to have been inflicted upon her person.

Undoubtedly it was the duty of the trial court to find upon all of the material issues raised by the pleadings, and the judgment in the present case could not be upheld if it were true, as defendant claims, that there was an utter failure to find the facts of a material issue upon which a finding, had one been made, would not necessarily have been adverse to the defendant.

Ordinarily it is necessary to the validity and sufficiency of findings that the trial court find the ultimate fact in issue, or such probative facts as will enable the court to declare that the ultimate fact necessarily results therefrom; but where probative facts are found from which the existence of the ultimate fact must be conclusively inferred the finding is sufficient, and a judgment based thereon will be sustained. (*Coveny* v. *Hale,* 49 Cal. 556; *Smith* v. *Acker,* 52 Cal. 219; *Mott* v. *Ewing,* 90 Cal. 231, [27 Pac. 194]; *Alhambra Water Co.* v. *Richardson,* 72 Cal. 598, [14 Pac. 379].)

In the case at bar the probative facts upon which rested the allegations of plaintiff's personal injuries were fully found in her favor, and it necessarily follows from those facts that she must have suffered damage to her person in some amount which, although not specifically stated in the findings of fact, can be readily ascertained by deducting the amount of money found to have been expended by her for medical attendance from the total amount which the court, in its conclusions of law, declared would compensate for all damages sustained by her as the result of the defendant's negligence. The trial court's declaration that the plaintiff was entitled to a judgment for $1,000 as the result of the damage inflicted by defendant was in effect a finding of the ultimate fact that the plaintiff had been damaged to that amount, and its mere presence in the conclusions of law rather than in the findings of fact, where it belonged, and should have been placed, did not detract from or destroy its efficacy as a finding of fact. So construed and read in conjunction with the preceding probative facts found by the court, it is sufficient to support the judgment upon the issue of damages. (*Jones* v. *Clark,* 42 Cal.

180; *Breuner* v. *Liverpool etc. Ins. Co.,* 51 Cal. 101, [21 Am. Rep. 703] ; *Edwards* v. *Sonoma Valley Bank,* 59 Cal. 148; *Bath* v. *Valdez,* 70 Cal. 350, [11 Pac. 724] ; *Foot* v. *Murphy,* 72 Cal. 104, [13 Pac. 163] ; *Burton* v. *Burton,* 79 Cal. 490, [21 Pac. 847] ; *Millard* v. *Legion etc.,* 81 Cal. 340, [22 Pac. 864] ; *Mc-Cray* v. *Burr,* 125 Cal. 636, [58 Pac. 203].)

The further point is made that the evidence is insufficient to support the findings in this, that the evidence offered and received in support of plaintiff's case falls short of showing that the person in charge of the horse and buggy was, at the time of the accident, in any wise occupied in the performance of any duty relating to the business of the defendant.

Neither the purpose for which the defendant was incorporated nor its business are definitely stated in the record before us, but it may be fairly inferred from the evidence upon the whole case that the defendant at the time of the accident was engaged in general contracting and construction work in the city and county of San Francisco. It was an admitted fact in the case that the horse and buggy belonged to the corporation defendant, and that the driver, Charles Nilson, "was an officer of the defendant who had the right to operate the buggy." Nilson was the vice-president of the defendant, and testified as a witness in its behalf. Upon his cross-examination it developed that in the performance of his duties as vice-president he "had no regular hours whatsoever; that he had to go around all over the city sometimes; had to go out to the park and Richmond, where the corporation was working at the time; had to go everywhere and see that the work was all right."

From this it would appear that in addition to being vice-president of the defendant, Nilson was also the general superintendent of its work, and that in the performance of his duties he was granted a roving commission which permitted him to look after the business of the defendant at the times and in the manner which best suited his own convenience. It is the accepted rule in this and other jurisdictions that where an employee is intrusted with the possession and operation of a vehicle, with permission to use it at his discretion in the business of the employer, the latter will be held responsible in damages for injuries inflicted upon the person of another resulting from the negligence of the employee in the use and operation of the vehicle; and in such a case it is not necessary

for the person seeking damages to prove that at the time of the injuries the employee was engaged in executing any particular business or specific command of his principal. That the employee, at the time of the commission of the tort, was acting within the general scope of his employment, and that the injury occurred as the result of his negligence, is all that need be shown in order to charge his employer with liability for such injury. (*Mulvehill* v. *Bates,* 31 Minn. 364, [47 Am. Rep. 796, 17 N. W. 959]; *Rahn* v. *Singer Mfg. Co.,* 26 Fed. 912; *Riordan* v. *Gas Consumers' Assn.,* 4 Cal. App. 639, [88 Pac. 809].) This being so, it is clear in the present case that the testimony of Nilson, coupled with the admitted fact that the defendant was the owner of the horse and buggy, and had conferred upon Nilson the right of using the same in its business, sufficiently supports the trial court's finding that the horse and buggy were owned by the defendant, and "wholly in the possession and under the control of the defendant" at the time of the accident.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1912.