[Civ. No. 4428. Second Appellate District, Division Two.—June 6, 1927.]

WILLIE KORNMAN, Respondent, v. A. C. NELSON, Appellant.

[1] BROKER'S COMMISSIONS—ORAL AGREEMENT—STATUTE OF FRAUDS.— An oral agreement to pay a tenant a commission for selling a house is void under subdivision 6 of section 1624 of the Civil Code, requiring an agreement authorizing or employing an agent or broker to sell real estate for compensation to be in writing,

1. Right to recover commissions under oral contract of employment where statute requires written contract, notes, 13 Ann. Cas. 977; Ann. Cas. 1915A, 1133; 17 A. L. R. 891: See, also, 4 Cal. Jur. 556; 4 R. C. L. 250. Necessity that agent's authority to purchase or sell real property be in writing to enable broker to recover compensation for his services, notes, 14 L. R. A. 601; 9 L. R. A. (N. S.) 933.

although the tenant may have performed valuable services at the owner's request.

[2] ID.—UNLICENSED BROKER—ABSENCE OF RIGHT TO RECOVER COMMISSION—REAL ESTATE BROKER'S ACT.—Where a person is not licensed as a real estate broker or real estate salesman, he cannot recover a commission for the sale of a house under the Real Estate Broker's Act (Stats. 1919, p. 1252).

---

(1) 9 C. J., p. 558, n. 9.   (2) 9 C. J., p. 565, n. 52.

APPEAL from a judgment of the Superior Court of Los Angeles County. Pat R. Parker, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

C. C. Mishler, John F. Keogh and Julius V. Patrosso for Appellant.

Ira L. Brunk for Respondent.

MURPHEY, J., *pro tem.*—In this action the complaint alleges that the defendant became indebted to the plaintiff in the sum of $350 for services rendered at the special instance and request of the defendant. This issue was met by appropriate and sufficient denials on the part of the defendant. In response to this issue the court found: "That within one year prior to the filing of the complaint and issuance of summons herein the defendant agreed with the plaintiff to pay plaintiff as a consideration for assisting in the sale of certain real estate 5% upon the sale price of a certain parcel of real estate located in the City of Los Angeles, should he, the defendant, sell said real estate, and that said defendant sold said real estate for $7,000.00"; upon which finding judgment went for plaintiff for the amount demanded. The testimony adduced at the trial stated in the most favorable light to support the plaintiff's contention is substantially as follows: Respondent rented a house from the appellant in the city of Los Angeles, which house appellant had for some time unsuccessfully endeavored

2. Effect of failure to obtain license on right to commissions, notes, 1 L. R. A. (N. S.) 1159; 30 A. L. R. 852; 40 A. L. R. 1228. See, also, 4 R. C. L. 301.

to sell. Upon the occasion of the renting of the house respondent states that the appellant agreed that if she would show the property to prospective purchasers while occupying it as a tenant and would place intended purchasers in touch with appellant, he would pay the respondent a commission of five per cent of the selling price in the event that a sale of the property was made to any such person. The testimony further shows that the respondent did not show the house to a great many persons and did show the house several times to one Maguire, who became the purchaser thereof; that the respondent and her husband performed considerable work in rehabilitating and caring for the lawn on the premises during the time they occupied the house and prior to the sale thereof.

Assuming this to be a correct statement of the facts of the employment and disregarding the strenuous and specific denials of the appellant, it is the contention of the appellant, first, that the findings of the court are without support in the evidence; second, that the alleged oral contract for the payment of a commission is void under the provisions of subdivision 6, section 1624, of the Civil Code, and, third, that the alleged contract for the payment of a commission was illegal and void for the reason that the respondent was not licensed under the Real Estate Brokers' Act. It is an admitted fact that the alleged agreement was not evidenced by any writing nor any written memorandum of any kind or character. It is also admitted that the respondent had no broker's license.

[1] The respondent has not favored this court with any brief in support of the conclusions of the trial court. Whether this was because his investigations were fruitless in that behalf or because he considered the conclusions so manifestly impregnable that to supply authorities would be a work of supererogation and an insult to the intelligence of this court, is not disclosed. Whatever may have been his disposition in the matter, we have been unable to find any authorities to support this judgment. It is apparent that respondent's compensation was contingent upon the sale of the property and the amount thereof dependent upon the sale price. We are unable to distinguish this case either as to the facts or the law applicable thereto from the situation developed by the case of *Dolan* v. *O'Toole,* 129

Cal. 488 [62 Pac. 92]. At page 489 it is said: "Defendant was the owner of a certain mine, and had contracted with a third party for the sale of it upon certain terms—in substance, that the purchaser should be put in possession for a specified time for the purpose of examination and development, and, if found satisfactory, to pay therefor a specified price. Plaintiff was an experienced miner and expert, and was well acquainted with the location of the mine and the work done in it, and while the conditional purchasers were in possession under their contract and prospecting for ore, defendant made a contract with the plaintiff for his services 'to be rendered in aiding him (defendant) to consummate the sale under the contract,' and for which, if the sale was made, he was to receive ten per cent of the purchase price. It appearing that the said contract for plaintiff's services was oral, objection was made and sustained to the evidence. It was then offered by the plaintiff to be shown that at the request of the purchasers plaintiff gave them directions where to work to develop ore, that his directions were followed successfully and resulted in such development of ore as induced the purchase under said contract. The court sustained the objection to the offered evidence and rendered judgment for the defendant, and plaintiff appeals. Section 1624 of the Civil Code provides: 'The following contracts are invalid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent; . . . 6. An agreement authorizing or employing an agent or broker to sell real estate for compensation or commission.' In *Shanklin* v. *Hall,* 100 Cal. 26 [34 Pac. 636], the court below made the following findings of fact: 'That on the seventeenth day of April, 1890, the plaintiff and defendant entered into an oral agreement, whereby it was agreed between them that plaintiff should use his knowledge and influence on behalf of, and render his services to, defendant to enable him to sell or exchange the lands mentioned in the complaint herein, for which plaintiff was to be paid by the defendant the sum of four hundred and fifty dollars as soon as the sale or exchange was effected through his, the plaintiff's, knowledge, influence, or services rendered to him, the defendant,' and that the plaintiff rendered the services as agreed, and that a transfer of the land was made by virtue of such services

of plaintiff; and the court below concluded that plaintiff was entitled to recover. Upon appeal this court came to the opposite conclusion, holding that the contract was void under the provisions of the code above cited. Counsel for appellant attempts to distinguish *Shanklin* v. *Hall, supra,* from the case at bar, and for this purpose refers to the testimony in that case, showing that Shanklin was engaged in the real estate business, and that he made new terms with the proposed purchaser which were accepted by Hall. But this statute is not confined to those who make a business of buying and selling real estate for others, but includes every person who in any case comes within its provisions." In this connection it may be noted that this court in the case of *Patterson* v. *Torrey,* 18 Cal. App. 349 [123 Pac. 224], stated that the fact that plaintiff performed valuable services at defendant's request constitutes no ground for recovering compensation therefor, in the absence of some note or memorandum subscribed by the defendant whereby plaintiff was employed or authorized to negotiate the sale. To the same effect is *Hicks* v. *Post,* 154 Cal. 22 [96 Pac. 878], where the supreme court said: "The fact that, acting under an invalid agreement, he made efforts to find purchasers, cannot, of course, operate to prevent the other party from asserting the invalidity of the contract. To hold the contrary would be to abrogate the statute of frauds." (Quoting *Shanklin* v. *Hall,* 100 Cal. 26 [34 Pac. 636]; *Dolan* v. *O'Toole, supra.*) There are numerous cases cited in each of the foregoing cases and a long line of authorities independent of these and to the same effect which are in our judgment conclusive as to this phase of the case.

[2] Furthermore, we are satisfied that the respondent's case comes squarely within the inhibition of the Real Estate Brokers' Act (Stats. 1919, p. 1252), the material portions of which, having a bearing on this controversy, are as follows: "A real estate broker within the meaning of this act is a person, copartnership or corporation who, for a compensation, sells, or offers for sale, buys, or offers to buy, or negotiates the purchase or sale or exchange of real estate. . . . One act, for a compensation, of buying or selling real estate of or for another, or offering for another to buy or sell or exchange real estate . . . shall constitute the person, copartnership or corporation making such offer, sale

or purchase, exchange or lease, . . . a real estate broker within the meaning of this act.'' Section 20 bars a recovery of a commission by a person not licensed as therein provided, and reads as follows: "No person, copartnership or corporation engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this state shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts mentioned in section two hereof without alleging and proving that such person, copartnership or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose.'' The contract sued upon is clearly comprehended within the terms of this statute, and is, therefore, illegal and void, and cannot support a judgment in favor of the respondent, who was not licensed in the manner therein provided.

The judgment is reversed.

Works, P. J., and Craig, J., concurred.