[L. A. No. 9270.   Department Two.—February 24, 1928.]

MRS. ELLA REED, Respondent, v. JOE PARRA, Appellant.

W. I. Gilbert for Appellant.

Richard A. Dunnigan for Respondent.

SHENK, J.—This action was commenced against the defendants Joe Parra as owner and Frank Fernandez as driver of a taxicab which, on September 4, 1924, backed into the plaintiff, causing the injuries complained of. Judgment was rendered against both defendants. The judgment as against the defendant Fernandez has become final and this is an appeal by the defendant Parra.

The principal contentions of the appellant are that there is (1) no allegation in the complaint, (2) no evidence in the record and (3) no finding of fact that at the time and place of the accident the defendant Fernandez was acting as the agent of the appellant and within the scope of his employment.

As to the first point it is true that there is no specific allegation that when the injury to the plaintiff occurred Fernandez was the agent or employee of Parra. It is alleged, however, that at the time in question Fernandez was operating the car, the same being the property of his codefendant Parra, and acting within the scope of his employment. But the omission specifically to allege agency was cured by what took place at the trial. When the case was called and the trial judge had examined the pleadings, he addressed the following question to counsel for the plaintiff: "Is it intended to allege in the complaint that one of the defendants is the agent of the other?" To which counsel for the plaintiff answered in the affirmative. After some discussion counsel for the appellant stated: "So that I may not be misunderstood: Our contention is that we made the denial to meet the complaint as it was drawn and we say, we deny that at the time of the accident the codefendant was engaged in the performance of any duty as agent or that he was acting as agent for the defendant at the time of the accident." Following this statement the court inquired of counsel for appellant: "You are simply treating it as a denial under that theory, but you are willing to consider that it does deny, and we will try that issue?" To which

counsel for appellant answered in the affirmative. The case was then tried as though the question of agency were at issue. The infirmity of the plaintiff's pleading thus became of no consequence on the trial of that issue.

The evidence bearing on the question of agency is disclosed in part by the testimony of the appellant himself on direct examination as follows: "In September, 1924, I was engaged in the taxi business. I did employ Frank Fernandez as a driver. I was the legal owner of the car. I did authorize Mr. Fernandez to take it to the garage or to his home, wherever he wanted to take it. I don't care where he went after he got through working. I gave him that authority." The accident occurred near the home of Fernandez about 8:30 o'clock in the morning, just as he was leaving to engage in the day's business. It further appeared in evidence that Fernandez was employed by Parra on a percentage basis to take passengers and collect fares from them at times and places convenient to Fernandez. While there is evidence in the record from which the court might have concluded that Fernandez was acting as an independent contractor, there is also sufficient evidence upon which to base a finding that the relation of employer and employee existed between the two defendants. The evidence favorable to the plaintiff's contention, therefore, warranted the application of the "roving commission" rule approved in *Jessen* v. *Peterson, Nelson & Co.*, 18 Cal. App. 349 [123 Pac. 219], wherein it is stated on pages 353 and 354: "It is the accepted rule in this and other jurisdictions that where an employee is intrusted with the possession and operation of a vehicle, with permission to use it at his discretion in the business of the employer, the latter will be held responsible in damages for injuries inflicted upon the person of another resulting from the negligence of the employee in the use and operation of the vehicle; and in such a case it is not necessary for the person seeking damages to prove that at the time of the injuries the employee was engaged in executing any particular business or specific command of his principal. That the employee, at the time of the commission of the tort, was acting within the general scope of his employment, and that the injury occurred as the result of his negligence is all that need be shown in order to charge his employer with liability for such injury." (See, also, *Brim-*

*berry* v. *Dudfield Lumber Co.,* 183 Cal. 454, 462, 463 [191 Pac. 894] ; *Grantham* v. *Ordway,* 40 Cal. App. 758, 764 [182 Pac. 73].)

As to the third point the court found that on and prior to the day of the accident the defendant Parra was conducting an automobile rental and taxicab business as a carrier of passengers for hire; that the defendant Fernandez was on said day in the employ of said Parra as driver of an automobile used in said business; that on the day in question the defendant Fernandez was operating an automobile belonging to the defendant Parra and was driving the same within the scope of his employment at the time of the injury. These findings were abundantly sufficient on the issue of agency. No other points require discussion.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.