[L. A. No. 11530. In Bank.—December 31, 1931.]

JOE PARRA et al., Respondents, v. WILLIAM I. TRAEGER, Sheriff, etc., et al., Defendants; CALIFORNIA HIGHWAY INDEMNITY EXCHANGE (an Association), Appellant.

B. P. Gibbs and Walter W. Little for Appellant.

Albert Sidney Brown for Respondents.

RICHARDS, J.—This action was instituted by the plaintiffs and respondents herein against the defendant William I. Traeger, as sheriff of Los Angeles County, California, and the other named defendants, wherein the said plaintiffs sought the issuance of an injunction restraining the defendant sheriff and, incidentally, the other defendants from selling or attempting to sell certain real property of the

plaintiff Parra under a writ of execution upon a judgment in another action wherein one Ella Reed was plaintiff and the plaintiffs herein were defendants.

The facts involved in both of these actions, and which are upon this appeal practically undisputed, are these:

In the month of September, 1924, the plaintiff herein, Joe Parra, was engaged in the taxicab business in the city of Los Angeles. Prior to said date he had obtained and on said date was holding a policy of insurance issued to him by the defendant California Highway Indemnity Exchange and whereby he was indemnified against loss from common-law or statutory liability for damages on account of bodily injuries or property damages accidentally suffered by a person not in the employ of the assured, resulting directly from the ownership, use or maintenance of any automobile of the class described in the policy, while such automobile was actually engaged in the taxicab business and service of the assured.

On the fourth day of September, 1924, and while said policy was in full force and effect, a pedestrian named Mrs. Ella Reed was struck and seriously injured by one of the automobiles described in said policy and while the same was being driven by one Frank Fernandez, as an employee of Parra and in the taxicab business. Mrs. Reed brought suit against both Parra and his said employee and recovered judgment against both for the damages which she had thus sustained, in the sum of $2,000. Immediately upon the institution of said action, the defendant Parra therein, acting in pursuance of the express terms and provisions of said policy of indemnity, forwarded to the office of the California Highway Indemnity Exchange, his insurer, the summons and process which had been served upon him.

The terms of the policy, which prescribed such a course of action upon his part, provided that " . . . the Exchange will, at its own cost, defend such suit in the name and on behalf of the subscriber or settle the same".

Upon receipt of the process in said action, the Exchange immediately undertook, on behalf of its insured, the defense thereof, appearing, at its own cost and with its own attorneys, and filing and presenting on the part of said defendants every defense which they possessed against the success of the plaintiff in said action.

Upon the entry of judgment in favor of the plaintiff, the Exchange, still acting on behalf of said defendants, undertook to prosecute an appeal and, in the course thereof, obtained from the National Surety Company of New York a stay bond, and, in so doing, entered into a written indemnity agreement with the National Surety Company of New York, agreeing to hold them harmless upon said stay bond.

The judgment in said action was thereafter affirmed by this court upon· said appeal. (*Reed* v. *Parra,* 203 Cal. 430 [264 Pac. 757].)

Upon the going down of the *remittitur* therein, the plaintiff, Mrs. Ella Reed, was about to procure a writ of execution against the National Surety Company of New York to enforce its liability under its stay bond upon said appeal, whereupon the Exchange, apparently in order to protect itself on its aforesaid indemnity agreement, undertook to purchase said judgment from the judgment creditor Reed and to take an assignment thereof in the name of one Minor L. Blythe, who, however, according to the record herein, was acting on behalf of and as the agent of said Exchange. Thereafter, said Blythe, as the purported assignee of said judgment, obtained a writ of execution thereon and placed it in the hands of the sheriff of the county of Los Angeles for service, and the latter thereupon made a levy upon certain real property of the plaintiff in this action, Joe Parra, and was about to sell the same, after due notice and publication, when the present action was instituted. Upon a trial thereof before the court, without a jury, a judgment was rendered in favor of the plaintiffs herein, perpetually restraining the sheriff and the other defendants, including both Minor L. Blythe and California Highway Indemnity Exchange, from selling or attempting to sell the property of the plaintiff Parra, and ordering that said defendants Minor L. Blythe and California Highway Indemnity Exchange should satisfy of record the judgment in the case of *Reed* v. *Parra, supra.*

It is from such judgment that California Highway Indemnity Exchange has undertaken to prosecute this appeal.

■ It is the first contention of the said appellant that it is entitled to relitigate upon this appeal the issue as to

538

whether or not the taxicab, which, while being driven by Frank Fernandez, struck and injured Mrs. Ella Reed, the plaintiff in the former action, was being used as a taxicab at the time of said accident.

An examination of the record in the former action (*Reed* v. *Parra, supra*) discloses not only that the appellant herein, in conformity with the terms and provisions of its indemnity policy, undertook on behalf of its insured (Parra) to conduct in its entirety his defense to said action, but also that, in so doing, the Exchange therein caused to be presented the precise question as to whether or not the taxicab in question was being used as such at the time of the accident to Mrs. Reed and was being driven by Parra's co-defendant Fernandez, as his agent and employee.

▮ The judgment in said action, and its affirmance by this court upon appeal, determined that issue conclusively, both as against said Parra and his employee Fernandez, the defendants therein, and as against Parra's insurer, which, in conformity with the terms of its policy, had undertaken the defense of said action and had maintained the same until the final conclusion thereof upon said appeal.

Section 2778 of the Civil Code, subdivision. 5, in dealing with indemnity insurance policies of the character of that involved herein, provides that, "If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter suffered by him in good faith, is conclusive in his favor against the former." If, under this provision of the code, the appellant herein had refused or neglected to appear on behalf of its insured, to defend him in said former action, the judgment therein would have been conclusive as against said insurer. It is even more conclusive where the insurer, instead of refusing or neglecting to defend said action, undertakes, on behalf of the insured, the entire defense thereof and prosecutes such defense to the final decision of the cause upon appeal.

This court has uniformly held that where the insurer, upon such indemnifying policy and under its express agreement therein so to do, undertakes, on behalf of its insured, his defense in an action covered by the terms of its said policy, whatever judgment is rendered and entered therein against the assured is binding and conclusive against the insurer. (*Riddle* v. *Baker*, 13 Cal. 295–305; *Pico* v. *Webster*,

14 Cal. 202–204 [73 Am. Dec. 647] ; *Kruger* v. *California Highway Ind. Exch.*, 201 Cal. 672 [258 Pac. 602].)

The foregoing constitutes the main and practically the only question presented by the appellant upon this appeal. We are not, therefore, required to discuss herein the doubtful propriety of the action of the California Highway Indemnity Exchange in seeking to void its direct liability under its aforesaid policy to pay and discharge the judgment rendered in said former action against its insured, Parra, after the affirmance thereof upon said former appeal, by the subterfuge of taking an assignment of said judgment in the name of another, and having such other attempt to enforce the same as against Parra, through the process of an execution.

We are satisfied that the trial court was correct in its judgment herein, enjoining the enforcement of the execution thus sought and obtained, and commanding the defendants herein, Minor L. Blythe and California Highway Indemnity Exchange, to satisfy the aforesaid judgment against Parra.

We are further satisfied that the aforesaid position of the appellant herein is without justification and its appeal herein without merit.

It is, therefore, ordered that the judgment herein be and the same is hereby affirmed, and that a penalty of $250 be and the same is hereby imposed upon the said appellant for the taking and prosecution of this frivolous appeal, to be assessed as costs.

Preston, J., Curtis, J., Waste, C. J., Seawell, J., and Shenk, J., concurred.