**Petition of VEST.**

**THE TURTLE.**

**No. 26209.**

United States District Court
N. D. California, S. D.
Dec. 23, 1953.

Derby, Cook, Quinby & Tweedt, San Francisco, Cal., by S. J. Cook, San Francisco, Cal., for petitioner.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., by J. J. Geary and E. D. Ransom, San Francisco, Cal., for claimant Johnson Line.

Hall, Henry & Oliver, San Francisco, Cal., by L. Henry and S. McReavy, San Francisco, Cal., for claimant Melen.

ROCHE, Chief Judge.

It is alleged in the petition that on September 26, 1952, at or shortly after sunset, Vest's party fishing boat Turtle collided with the Swedish vessel Los Angeles in San Francisco Bay near Alcatraz Island. The Turtle sank immediately and three of her passengers were drowned. At the time of the accident, Astikan, the operator of the vessel, was taking a small group of people on a night sightseeing tour of the bay. The evidence indicated that members of the group were drinking.

Claimants have appeared by various counsel asserting claims for damages or for indemnification. They include the Johnson Line, owner of the Los Angeles, and M. M. Melen (her pilot at the time of collision), both of whom ask for indemnity or contribution in the event that they are held liable for the deaths resulting from the collision.

In accordance with the usual admiralty practice, the issue of claimants' provable damages are reserved until the case has been decided on the merits. Should petitioner be granted exoneration there will be no need to go into the amount of claimants' damages. Two main issues are to be decided:

1. Is petitioner Gerald Vest liable for the collision and the deaths resulting therefrom?

2. If Vest is liable, should his liability be limited as provided in United States Code Annotated, Title 46, § 183?

As to the issue of liability of petitioner, it is conceded that Astikan, the operator of the Turtle, was guilty of negligent navigation. Petitioner contends that Astikan had no right to be operating the Turtle that evening, and that he was doing so without Vest's knowledge, authority, or permission. Since Vest was not aboard the vessel, nor did he observe or participate in her careless navigation, he is not liable, unless under the doctrine of respondeat superior Astikan was acting in the course of his employment by Vest. The evidence on this issue is as follows:

Vest owns the Turtle and other small craft which he operates in a party fishing business for purposes of sport. The uniform practice and procedure of

his business is that the boats leave in the morning, usually about 6 A. M., and return in the afternoon about 4 P. M. The boats have never been operated at night for party fishing trips, nor have they ever been operated for night trips of any kind. Astikan admitted that he had never operated the boat at night other than for the purpose of checking the engines for the next day's trip. On the day of the collision the Turtle returned to port in the afternoon at about 4 P.M. after a day's fishing. Later on, towards evening, Astikan again took the boat out with a small group aboard. The collision occurred at about 7 P.M.

Astikan had been hired solely to run the Turtle on daytime fishing trips as scheduled and ordered by Vest. No trip had ever been made or had been authorized unless Vest scheduled and ordered it. Permission had never been given to Astikan to originate a trip on his own, or to run a night trip of any kind. Astikan deliberately failed to tell Vest that a night trip was intended. The fact that this was a night trip was not the only reason that Astikan lacked authority for this trip. This trip was unauthorized because it was a pleasure trip after working hours which was not authorized by Vest.

■ Counsel for the Johnson Line cited the cases of Chamberlain v. Southern California Edison Co., 1914, 167 Cal. 500, 140 P. 25; Jessen v. Peterson, Nelson & Co., 1912, 18 Cal.App. 349, 123 P. 219; Barton v. McDermott, 1930, 108 Cal.App. 372, 291 P. 591, to support the presumption of acting within the scope of employment. None are in point as they do not hold that the employees were acting outside the scope of their employment. Nor does the fact that the accident could not have happened without the facilities afforded to the servant by his relation to the master make the specific act done to be within the scope of employment. Kish v. California State Automobile Ass'n, 190 Cal. 246, 212 P. 27.

■ As the evidence clearly shows that the operator of the Turtle was not acting within the scope of his employment, petitioner is not liable under the doctrine of respondeat superior. Therefore since Vest is not liable for the collision and the deaths resulting therefrom, there is no need to go into the amount of claimants' damages or the limitation of petitioner's liability.

It is ordered that there be entered herein, upon findings of fact and conclusions of law, judgment in favor of the petitioner. Each party to pay his own cost.