113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard J. WOODS, Plaintiff-Appellant,
v.
Matthew J. MARRIETT, in personam; Cobalt Pleasure Craft, 21
foot, her engines, tackle, gear, apparel,
furniture and equipment, in rem; Defendants,
and
Seattle Boat Company, Inc., a Washington corporation, in
personam; James Cooch and Barbara Cooch, a
marital community, in personam,
Defendants-Appellees.
Richard J. WOODS, Plaintiff-Appellant,
v.
Matthew J. MARRIETT, in personam; Cobalt Pleasure Craft, 21
foot, her engines, tackle, gear, apparel,
furniture and equipment, in rem,
Defendants-Appellees.
 Nos. 95-35961, 95-35683.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1997.
Decided May 5, 1997.
 
 Before: WRIGHT, REINHARDT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Cooches' Pleasure Craft was being winterized by Seattle Boat Company when one of Seattle Boat's employees, Matthew Marriett, stole the boat, took it for a joyride and collided with plaintiff Woods's vessel. Woods sued for damages arising from the collision, alleging that the Cooches and Seattle Boat were negligent. The court granted summary judgment in favor of defendants. The court dismissed his in rem claim against the vessel for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 * We review de novo the grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Summary judgment is appropriate when there is no genuine issue of material fact. Fed.R.Civ.P. 56(c).
 
 
 4
 Negligence under maritime law includes the usual elements of duty, breach, injury, cause in fact, and proximate cause. See In re Cooper/T. Smith, 929 F.2d 1073, 1077 (5th Cir.1991). A party does not have a duty to protect against unforeseeable harm. Consol. Aluminum Corp. v. C.F. Bean Corp., 833 F.2d 65, 67 (5th Cir.1987). The existence of a duty is an issue of law properly resolved on summary judgment. Tindall v. United States, 901 F.2d 53, 56 (9th Cir.1990).
 
 A. Claims against Seattle Boat
 
 5
 Seattle Boat could not be held liable on a theory of negligent hiring because Marriett's misconduct was unforeseeable. Woods failed to present evidence that Marriett had a criminal history, past employment problems, or substance abuse problems, or that Seattle Boat should have suspected that he did. In short, there is no evidence that Seattle Boat knew or should have known that Marriett was untrustworthy. It thus did not have a duty to administer extraordinary screening measures, such as a drug test, prior to employing him.
 
 
 6
 Similarly, Seattle Boat had no reason to foresee the risk of theft by employees. Its security system adequately protected against the foreseeable risk of theft by outsiders. It did not have a duty to employ additional security measures to protect against internal theft.
 
 
 7
 Seattle Boat cannot be held liable for Marriett's acts on a theory of respondeat superior. There is no evidence that it authorized, ratified or benefitted from Marriett's use of the boat. The employee manual he received before starting work expressly prohibited him from using customers' vessels. No rational jury could find that Marriett was acting within the scope of his employment when he stole the boat. See Gibbs v. Air Canada, 810 F.2d 1529, 1533 (11th Cir.1987); The Turtle, 116 F.Supp. 901, 902 (N.D.Cal.1953).
 
 
 8
 Woods may not recover on the theory that Seattle Boat breached its bailment duties. Any special duties arising from the bailment extended only to the bailors (the Cooches). See Rodi Yachts, Inc. v. Nat'l Marine, Inc., 984 F.2d 880, 885 (7th Cir.1993).
 
 B. Claims against the Cooches
 
 9
 Woods argues that the Cooches negligently chose to store their vessel at Seattle Boat. He does not present any facts, however, showing that the Cooches should have suspected that Seattle Boat's employees were untrustworthy or that its security was inadequate. Maritime law recognizes the tort of negligent entrustment, but it requires the chattel owner to know of the danger of serious harm posed by the third party. Joyce v. Joyce, 975 F.2d 379, 385 (7th Cir.1992); Restatement (Second) of Torts § 390 (1965).
 
 
 10
 Woods argues that the Cooches had reason to believe that Seattle Boat was unqualified to winterize their boat. That is not the relevant inquiry. He does not allege that it winterized the boat improperly.
 
 
 11
 Finally, Woods's theory that the Cooches impliedly invited use of their craft by leaving the key with Seattle Boat is unsupportable.
 
 II
 
 12
 The existence of in rem jurisdiction is a legal issue, which we review de novo. Churchill v. F.V. Fjord, 892 F.2d 763, 767 (9th Cir.1988). A court has jurisdiction over a vessel only if there is a valid maritime lien. See Gilmore & Black, The Law of Admiralty § 9-2 at 587 (2d ed. 1957). A maritime tort may give rise to a lien, but previous cases indicate that the pilot must be in lawful possession of the vessel in order for the lien to attach. See The Barnstable, 181 U.S. 464, 467 (1901); Churchill, 892 F.2d at 767; Complaint of McLinn, 744 F.2d 677, 680 (9th Cir.1984); see also Gilmore & Black § 9-10 at 601.
 
 
 13
 Woods argues that the "lawful possession" rule appears in only as dictum in the above-cited cases. We agree, but find the rule well-supported by established maritime law. Its basis is the more general rule that a vessel may not be held liable when its owner is not personally liable. See Sturgis v. Boyer, 65 U.S. (How.) 110, 123 (1860); The Anne, 1 Fed.Cas. 955, 956 (Case no. 412) (D.Mass.1818). There are exceptions to this rule, but none applies here. For example, a vessel may be held liable for the negligence of its compulsory pilot, even though its owner is not vicariously liable. The China, 74 U.S. (Wall.) 53, 19 L.Ed. 67 (1868). A compulsory pilot's services "are as much for the benefit of the vessel and cargo as those of the captain and crew. His compensation comes from the same source as theirs. Like them he serves the owner and is paid by the owner." 74 U.S. at 67. The same may not be said of a thief.[2] Permitting in rem recovery on these facts would extend the fiction of the vessel's personification beyond reason.
 
 
 14
 Woods's additional arguments are meritless. He argues that Marriett, although a thief, was an "owner pro hac vice," so that his personal liability gives rise to in rem liability. This argument must fail. An owner pro hac vice is a charterer, operating by agreement with the actual owner. Alexander v. United States, 63 F.3d 820, 822 (9th Cir.1995). Further, the Cooches did not waive their objection to in rem jurisdiction by raising, as an alternative defense, the shipowner's limitation of liability under the Limitations Act, 46 U.S.C. § 183 et seq.
 
 III
 
 15
 The court failed to grant Woods's request for oral argument before granting summary judgment against him. Although Dredge Corp. v. Penny, 338 F.2d 454, 462 (9th Cir.1964), instructs courts to permit oral argument in such circumstances, failure to do so warrants reversal only if it prejudices the appellant sufficiently to deprive him of due process. Lake at Las Vegas Investors v. Pacific Malibu Development, 933 F.2d 724, 728 (9th Cir.1991); Houston v. Bryant, 725 F.2d 516, 517-18 (9th Cir.1984). Not every denial of oral argument is a denial of due process. Dredge Corp., 338 F.2d at 462 n. 14.
 
 
 16
 Woods was not prejudiced by the denial of oral argument. He filed a brief, declarations and exhibits in response to the summary judgment motion, as well as a "rejoinder" to the reply brief, which the Western District's Local Rules do not contemplate but which the court considered. Unlike the appellant in Dredge Corp., who was not permitted to file a single brief in response to the summary judgment motion, Woods had ample opportunity to develop his legal and factual arguments. He has not shown what additional arguments or evidence he could have presented. The issues were not complex and the court's decision was not a close one. See Jasinski v. Showboat Oper. Co., 644 F.2d 1277, 1281 (9th Cir.1981) ("It is precisely in close cases such as this one that oral argument best serves the interests of justice.").
 
 IV
 
 17
 Woods argues that reversal is warranted because one attorney represented both Seattle Boat and the Cooches. Neither client objected to dual representation. That both raised successful defenses indicates that it did not prejudice them. Even if there had been an ethical violation, and further assuming that Woods would have standing to raise it, there is no authority for reversing on that basis.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Woods obtained a default judgment against Marriett, which is not at issue here
 
 
 [2]
 Woods also cites cases holding vessels liable for injuries caused by their unseaworthiness. See Grigsby v. Coastal Marine Svce. of Texas, 412 F.2d 1011, 1031 (8th Cir.1969); Grillea v. United States, 232 F.2d 919, 923 (2d Cir.1956). This is a no-fault tort aimed at compensating seamen for injuries incident to their employment; it has no application here