[No. 13873.  In Bank. — July 16, 1891.]

MARY M. MOTT, RESPONDENT, v. GEORGE EWING
ET AL., APPELLANTS.

FINDINGS — FORM AND CONSTRUCTION. — It is not necessary that facts found
should follow the pleadings, nor can the findings be detached from each
other and considered piecemeal; but it is sufficient if the truth or falsity
of each material allegation denied can be demonstrated from the findings,
taken together, or if material ultimate facts necessarily result from pro-
bative facts found.

DIVERSION OF WATER — INJUNCTION — CONTINUOUS TRESPASS — DAMAGES —
FINDINGS. — Where the facts found show that, if not prevented, the
continuous trespass of the defendants might by time ripen into a right
adverse to the plaintiff, the plaintiff is entitled to an injunction to pro-
tect the superior right without proof or finding of damages, and a fail-
ure to find upon an issue tendered, as to damage resulting from the
trespass, is immaterial, if no damages are given by the judgment.

APPEAL from a judgment of the Superior Court of
Modoc County.

The facts are stated in the opinion.

*Spencer & Raker*, and *C. A. Raker*, for Appellants.

The court has failed to find on all the material issues
raised by the pleadings. The court must find on every
material issue raised by the pleadings to support the
judgment, and none will be implied. (*Learned* v. *Castle*,
67 Cal. 41; *Savings and Loan Society* v. *Thorne*, 67 Cal.
53; *Walker* v. *Brem*, 67 Cal. 599; *Gladding* v. *California
Farmers' M. F. I. Ass'n*, 66 Cal. 6; *Gray* v. *Noon*, 66 Cal.
186; *Lang* v. *Specht*, 62 Cal. 145; *Dunn* v. *Dunn*, 62 Cal.
176; *Roeding* v. *Perasso*, 62 Cal. 515; *Coglan* v. *Beard*, 65
Cal. 63; *Covey* v. *Hale*, 49 Cal. 552; *Kimball* v. *Stormer*,
65 Cal. 116; *Leviston* v. *Ryan*, 75 Cal. 293; *Murphy* v.
*Burnett*, 71 Cal. 528; *Gates* v. *McLean*, 70 Cal. 72; *Robin-
son* v. *R. R. Co.*, 65 Cal. 263.) The allegations in the
complaint as to the riparian rights of the plaintiff hav-
ing been acquired long prior to those of the defendants,
as well as her rights as an appropriator, and the allega-

tions as to damages being specially denied in the answer, and being the gist of the plaintiff's cause of action for an injunction, there should have been findings upon the issues, as the plaintiff was not entitled to an injunction unless these facts be true. (Code Civ. Proc., sec. 526; *Lux* v. *Haggin*, 69 Cal. 285, 287; *Heilbron* v. *Canal Co.*, 75 Cal. 426; 7 Am. St. Rep. 183; *Stanford* v. *Felt*, 71 Cal. 249; *Wharf and Lighter Co.* v. *Simpson*, 77 Cal. 286; *Peregoy* v. *McKissick*, 79 Cal. 574; *Edgar* v. *Stevenson*, 70 Cal. 286; Gould on Waters, secs. 213, 214; Angell on Watercourses, 199; *Moore* v. *Clear Lake Water Co.*, 68 Cal. 146; *Creighton* v. *Kaweah Canal Co.*, 67 Cal. 221; *Heilbron* v. *Land and Water Co.*, 80 Cal. 190; *Mechanics' Foundry* v. *Ryall*, 62 Cal. 416; *Leach* v. *Day*, 27 Cal. 643; *Tevis* v. *Ellis*, 25 Cal. 515; *Tomlinson* v. *Rubio*, 16 Cal. 203; *Burnett* v. *Whitesides*, 13 Cal. 156; *Ritter* v. *Patch*, 12 Cal. 298, 300; *Middleton* v. *Franklin*, 3 Cal. 238; 3 Hilliard on Injunctions, 345; 1 High on Injunctions, 2d ed , 476; 11 Am. Dec. 484; *Catching* v. *Terrill*, 10 Ga. 676; *Thomas* v. *James*, 23 Ala. 725; *Waldron* v. *Marsh*, 5 Cal. 119; *N. C. & S. C. Co.* v. *Kidd*, 37 Cal. 283; *Elliot* v. *Fitchburg R. R. Co.*, 10 Cush. 191; 57 Am. Dec. 85; *Van Bibber* v. *Hilton*, 84 Cal. 585; *Hoye* v. *Sweetman*, 19 Nev. 376; *Thorn* v. *Sweeney,* 12 Nev. 257.) For the want of such finding, the judgment should be reversed. There is no finding that the plaintiff has been damaged or injured, or will be damaged or injured, or that the injury is continuing and lasting. There is no finding that the plaintiff will be damaged and injured in the future by the defendants, or either of them, and that such damage and injury is great, lasting, and continuing and irreparable, or either, and pecuniary compensation therefor will not afford adequate relief to plaintiff. There is no finding of lasting injury. It must appear from the complaint and findings that the injury is continuing and irreparable, and cannot be compensated in damages. (*Lawrence* v. *Getchell*, 3 West Coast Rep. 619; *Clark* v. *Willett,*

35 Cal. 547; *Delger* v. *Johnson,* 44 Cal. 182; *Coker* v. *Simpson,* 7 Cal. 341; *De Witt* v. *Hays,* 2 Cal. 463; 56 Am. Dec. 352; *Waldron* v. *Marsh,* 5 Cal. 119; *Merced M. Co.* v. *Fremont,* 7 Cal. 322; 68 Am. Dec. 262; *Burnett* v. *Whitesides,* 13 Cal. 156; *Branch T. Co.* v. *Board of Supervisors,* 13 Cal. 190; *Ritter* v. *Patch,* 12 Cal. 298, 300; *Daubenspeck* v. *Grear,* 18 Cal. 444; *Middleton* v. *Franklin,* 3 Cal. 238; *Tomlinson* v. *Rubio,* 16 Cal. 202; *Tevis* v. *Ellis,* 25 Cal. 515; *Leach* v. *Day,* 27 Cal. 644; *N. C. & S. C. Co.* v. *Kidd,* 37 Cal. 283; *Mechanics' Foundry* v. *Ryall,* 62 Cal. 416; *Lux* v. *Haggin,* 69 Cal. 270, 285, and authorities there cited; *Heilbron* v. *Canal Co.,* 75 Cal. 426; 7 Am. St. Rep. 183; *Stanford* v. *Felt,* 71 Cal. 249; *Swift* v. *Goodrich,* 70 Cal. 103, 105; *Crescent City etc. Co.* v. *Simpson,* 77 Cal. 286; *Peregoy* v. *McKissick,* 79 Cal. 574; *Edgar* v. *Stevenson,* 70 Cal. 286; *Moore* v. *Clear Lake W. Co.,* 68 Cal. 146; *Heilbron* v. *Land and Water Co.,* 80 Cal. 190; *Richards* v. *Dower,* 64 Cal. 62.) Being an upper riparian owner, defendant is entitled, as against the plaintiff, to make a reasonable use of the water of the stream for purposes of irrigating her riparian lands, and it is only for an unreasonable and unauthorized use that an action will lie. (*Heilbron* v. *Land and Water Co.,* 80 Cal. 193; *Lux* v. *Haggin,* 69 Cal. 270; *Swift* v. *Goodrich,* 70 Cal. 103; *Stanford* v. *Felt,* 71 Cal. 249; *Pennsylvania Mining Co.* v. *Owens,* 15 Cal. 137; *Jones* v. *Adams,* 19 Nev. 78 3 Am. St. Rep. 788; Angell on Watercourses, sec. 93 a; *Union M. & M. Co.* v. *Ferris,* 2 Saw. 176; *Tyler* v. *Wilkinson,* 4 Mason, 397; *Embrey* v. *Owen,* 6 Ex. 353; *Howard* v. *Ingersoll,* 13 How. 426; *Farrell* v. *Richards,* 30 N. J. Eq. 511.)

*H. L. Spargur, F. W. Ewing,* and *Jenks & Claflin,* for Respondents.

A finding need not necessarily be in the language of the pleading. (*Clary* v. *Hazlitt,* 67 Cal. 286; *Water Co.* v. *Richardson,* 72 Cal. 598.) The lower riparian propri-

etor is not required to show any actual present damage in order to procure an injunction to restrain a diversion of the waters; it is sufficient if the acts are such as, if continued, might ripen into a right. (*Crandall* v. *Woods,* 8 Cal. 136; *American Co.* v. *Bradford,* 27 Cal. 360; Gould on Waters, sec. 214; *Moore* v. *Water Works,* 68 Cal. 146; *Lux* v. *Haggin,* 69 Cal. 255; *Stanford* v. *Felt,* 71 Cal. 249; *Heilbron* v. *Canal Co.,* 75 Cal. 431; 7 Am. St. Rep. 183; *Conkling* v. *Pac. Imp. Co.,* 87 Cal. 296.)

FOOTE, C. — This is an action to restrain, by injunction, the diversion from the plaintiff's lands, by the defendants, of the waters of a certain natural stream, the flow of which over and across her lands as a riparian proprietor, as also the beneficial use thereof for irrigation purposes as a prior appropriator, are claimed by the plaintiff through superior right.

The defendants separately demurred to the complaint; their demurrers were overruled; they then answered at great length. A trial being had, judgment was rendered for the plaintiff, from which this appeal is taken on the judgment roll.

There are two main grounds upon which the defendants rely for a reversal of the judgment, as appears by their reply brief: 1. That the court has failed to find upon all the material issues raised by the pleadings; 2. That the findings, as made, do not support the judgment.

Under the first head, they assert that the amended complaint alleges, among other things, " and that plaintiff's rights as such riparian owner were acquired long prior, and are superior to any right or claim of right of the defendants, or either of them, to the waters of said stream; that if said defendants continue, as by them and each of them threatened and intended, to obstruct and divert the waters of Powley Creek, and to deprive plaintiff of the use thereof, the damage to plaintiff will be great, continuing, and irreparable, and pecuniary

compensation therefor will not afford adequate relief
for plaintiff's loss, damage, and injury; and that if said
defendants do so continue in such diversion of said wa-
ters from said ditch as by said defendants threatened and
intended, the same will result in the destruction of the
fertility and value of said lands, and in great continuing
and irreparable damage to plaintiff, and pecuniary com-
pensation therefor will not afford adequate relief for
plaintiff's loss, damage, and injury."

They say that as these allegations were specially de-
nied in the answer, and were " the gist of the plaintiff's
cause of action for injunction," it " being in equity for an
injunction only," there should have been findings upon
the issues as raised; and that there were no such findings.

It has been said by the appellate court: " It is not
necessary that the facts found should follow the pleadings
which they support.   If the truth or falsity of each ma-
terial allegation not admitted can be demonstrated from
the findings, the requirements of the code are met."
(*Clary* v. *Hazlitt*, 67 Cal. 289.)

"The findings of a court cannot be altogether detached
from each other and considered piecemeal.   If a partic-
ular finding be doubtful or obscure, reference may be
had to the context for the purpose of ascertaining the
true meaning."   (*Millard* v. *Hathaway*, 27 Cal. 140, 141;
*Kimball* v. *Lohmas*, 31 Cal. 156; *Polack* v. *McGrath*, 38
Cal. 669; *Alhambra Addition Water Co.* v. *Richardson*, 72
Cal. 604.)

" Where probative facts are found, and the court can
declare that the ultimate facts necessarily result from
the facts which are found, the finding is sufficient."
(*Alhambra Addition Water Co.* v. *Richardson*, 72 Cal. 604.)

It is found " that the plaintiff and her grantors have
continuously used the water of said stream for irrigation,
and for domestic purposes and the watering of stock,
ever since said year 1864, except when prevented by
defendants as hereinafter found; that in the spring of

the year 1867, plaintiff's grantors entered upon said stream at the point described in the complaint, and diverted from said stream a quantity of the waters thereof equal to seventy-eight inches measured under a four-inch pressure, and conducted the same by means of a ditch by him constructed, connecting said stream with a natural ravine or sag, to and upon that portion of plaintiff's lands described as the southeast quarter of the southwest quarter of section 13 and the northeast quarter of the northwest quarter of section 24; and thereafter, until he transferred said land to plaintiff in 1884, he continued to so divert and use said quantity of water by said means; and the plaintiff, except when prevented by the defendants as hereinafter found, has continued to so divert and use the same."

And it appears from other findings that one of the defendants through whose land the stream flows, as an upper riparian proprietor, never possessed or occupied her land until 1873, and that the other defendant is not a riparian proprietor of the stream at all, and did not own or occupy his land until 1877; and that neither of these defendants ever continuously or uninterruptedly for any period of time last past used any portion of the waters of this natural stream upon their lands; and that they never constructed any ditch to divert water connecting with the natural channel of the stream, but did construct a ditch through which they diverted water from the natural ravine appropriated long before that time by plaintiff's grantor; and that this diversion and attempted appropriation was not commenced until April 25, 1888.

It would certainly appear from these facts found that necessarily the riparian rights of the plaintiff were acquired long prior to those of the defendants, as well as her rights as an appropriator, and were both superior to any of the defendants; therefore a sufficient finding to meet the allegations of the complaint on that head was made.

There are no damages given by the judgment for an injunction.

As to the matter of finding upon the question of the nature and amount of the damages and injury as set up in the complaint, it may be said that if the facts found show that, if not prevented, the continuous trespass of the defendants might by time ripen into a right adverse to the plaintiff, that this is sufficient to entitle her, as a lower riparian proprietor, to an injunction. (*Lux* v. *Haggin*, 69 Cal. 278; *Moore* v. *C. L. W. W.*, 68 Cal. 151.)

When the diversion, as in this case, is by one against the superior right of another, and to the extent of depriving her of all the water to which she is thus entitled, it is not necessary to prove damages, to entitle her to an injunction. (*Conkling* v. *Pac. Imp. Co.*, 87 Cal. 296.)

If not necessary to prove damages, it is unnecessary to find them. The continuous wrongful diversion of the water, which, if not stopped, might ripen into a right, was the thing from which injury not capable of being accurately ascertained might in the future result, and it was this which was sought to be and was enjoined, as it appeared from the findings to be threatened and likely to result. The plaintiff had the right to the use and enjoyment of her property, and that is sufficient to have this right protected against invasion by another. (*Moore* v. *C. L. W. W.*, 68 Cal. 150.)

We think the findings show this right, and the invasion of it, and that is sufficient to support the judgment to prevent such continued invasion.

The right of one of the defendants to eight inches of the water is amply found and protected. We perceive no merit in any of the other points made, after careful examination, and do not think they require special mention.

As no prejudicial error appears, we advise that the judgment be affirmed.

FITZGERALD, C., and VANCLIEF, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.