[Civ. No. 1545.   First Appellate District.—October 28, 1915.]

## J. M. BROWN, INC. (a Corporation), Respondent, v. W. P. FULLER & CO., Appellant.

CONTRACTS—HIRING OF VESSEL—AGREEMENT TO RETURN IN GOOD CONDITION LESS WEAR AND TEAR—LIABILITY OF HIRER.—An oral agreement chartering a steamer for a certain period and rate of compensation, agreeing to return the vessel at the end of the period in the same condition it was in at the time of the charter· except wear and tear, does not import a contract on· the part of the hirer to insure the vessel against inevitable casualties or losses occurring without fault on his part.

ID.—ACTION FOR DAMAGES—WRECKING AND SINKING OF VESSEL—CONSTRUCTION OF FINDING—JUDGMENT NOT SUPPORTED.—In an action by the owner of the vessel against the hirer to recover for losses sustained as the result of the disablement and· sinking of the vessel during the period of the hiring, a judgment in favor of the plaintiff cannot be sustained on the theory of liability for the damaging and wrecking of the vessel, as distinguished from the sinking thereof, under the finding "that during the term of said hiring and while said defendant was in the use, occupancy, possession, and control thereof, the said steamboat and its equipment were damaged and injured and became wrecked and sunk," where such finding is drawn in the exact phraseology of the complaint, which admits of no interpretation save that the defendant was charged with simultaneously damaging, sinking, and wrecking the vessel, and not with the separate and unrelated acts of damaging, then wrecking, and then sinking it.

ID.—THEORY OF TRIAL — ABSENCE OF RECORD — DETERMINATION BY PLEADINGS AND FINDINGS.—In the absence of an affirmative showing in the record, the theory upon which a case was tried may be deduced from the issues framed by the pleadings and the findings made by the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George A. Sturtevant, Judge.

The facts are stated in the opinion ·of the court.

Andros & Hengstler, and Golden W. Bell, for Appellant.

Howard Harron, and John J. West, for Respondent.

LENNON, P. J.—This was an action to recover the sum of $4,319.67 for damages alleged to have been suffered by the plaintiff through the defendant's alleged breach of contract. The trial court gave judgment for the plaintiff in the sum of one thousand six hundred dollars from which the defendant now appeals.

In substance the facts of the case are these. By oral agreement the appellant chartered the plaintiff's steamer "Napa City" for a certain period and rate of compensation, agreeing to return the vessel at the end of the period in the same condition it was in at the time of the charter except wear and tear. During the period of the hiring and while under the control of the appellant the "Napa City" became wrecked and sunken. The respondent sustained losses as the result of the disablement and sinking of the vessel in the sum found and fixed by the judgment. The primary point presented for consideration and determination is whether or not the appellant, by the terms of the agreement, assumed the risk and responsibility of an absolute insurer rather than that of an ordinary bailee. The appellant contends that, by the terms of the contract, it assumed no such responsibility or liability, and that, therefore, the trial court erred in substantially so finding.

We are of the opinion that there is nothing in the wording of the agreement that may possibly be construed as meaning that the appellant promised to return the "Napa City" to its owners in good condition less wear and tear—at all events. We hold with the appellant that the stipulation insisted upon by the respondent—that the appellant should return the steamer in good condition less wear and tear—is merely the expression of what the law would have implied in its absence (Civ. Code, secs. 1928, 1929, 1955); and certainly it cannot be justly or logically urged that by expressing in his agreement what the law implies the ordinary bailee increases his liability to that of an absolute insurer. It is well settled in this connection that unless there be an explicit agreement to assume an insurance risk, the bailee cannot be held liable for one. We are constrained to hold, therefore, that where nothing more appears than a mere promise to return the thing hired in good condition less wear and tear at a specified time, it does not and cannot be said to import a contract on the part of the hirer to insure it against inevitable casualties

or losses occurring without fault on his part. Our conclusions in this behalf are fully sustained by the following authorities: *Ames* v. *Belden,* 17 Barb. (N. Y.) 513; *Clark* v. *United States,* 95 U. S. 539, [24 L. Ed. 518]; *Young* v. *Leary,* 135 N. Y. 569, [32 N. E. 607]; *Standard Brewery* v. *Bemis etc. Malting Co.,* 171 Ill. 602, [49 N. E. 507]; *Seevers* v. *Gabel,* 94 Iowa, 75, [58 Am. St. Rep. 381, 27 L. R. A. 733, 62 N. W. 669]; *McEvers* v. *Steamboat "Sangamon,"* 22 Mo. 188; *Lake Michigan Car Ferry Co.* v. *Crosby,* 107 Fed. 723; *D'Echaux* v. *Gibson Cypress Lumber Co.,* 114 La. 626, [38 South. 476].

Anticipating that the judgment might not be sustained upon the theory that the appellant was, under the terms of the contract, an insurer against injury or loss occurring without fault on its part, the contention is made upon behalf of the respondent that the findings, as a whole, support the judgment, and therefore, in the absence of a record showing the entire evidence adduced upon the trial, the judgment must be affirmed. This contention is rested on the fact that although the court found that "said steamboat became sunk through causes wholly without fault on the part of the defendant," it had previously and in a separate finding declared, "that during the term of said hiring and while said defendant was in the use, occupancy, possession and control thereof, the said steamboat and its equipment were damaged and injured and became wrecked and sunk in the waters of the bay of San Francisco . . ." It is now insisted that although the appellant be rightfully held not liable for sinking the steamer, nevertheless, it may and should, under the finding last above quoted, be held liable for damaging and wrecking the vessel.

This contention is answered, we think, by the fact that the finding immediately under consideration is drawn in the exact phraseology of the complaint, which admits of no interpretation save that the appellant was charged with simultaneously damaging, sinking, and wrecking the vessel, and not with the separate and unrelated acts of damaging, then wrecking, and then sinking it. In the absence of an affirmative showing in the record, the theory upon which a case was tried may be deduced from the issues framed by the pleadings and the findings made by the court. (*Illinois Trust etc. Bank* v. *Pacific Railway Co.,* 115 Cal. 285, [47 Pac. 60]; *Gervaise* v. *Brookins,* 156 Cal. 110, [103 Pac. 332].) The

pleadings in the present case, in conjunction with the findings of the court as a whole, indicate clearly enough, we think, that the case was tried upon the theory that the appellant had breached its contract and damaged the respondent by simultaneously injuring, wrecking, and sinking the respondent's steamboat. Findings cannot be detached from each other and considered piecemeal. They must be considered and construed as a whole, and not merely according to their numerical subdivisions. (*Mott* v. *Ewing,* 90 Cal. 231, [27 Pac. 194]; *Winterburn* v. *Chambers,* 91 Cal. 170, [27 Pac. 658].) It is also fairly clear, it seems to us, that the findings of the trial court in the present case, although carelessly constructed, were as a whole intended to cover and dispose of the issue framed by the pleadings upon the theory above stated. Moreover, conceding for argument's sake that the finding in question was intended to deal solely with the wrecking of the vessel and the damaging of its equipment, still, disconnected and standing alone from the finding relating to the sinking of the vessel and the cause thereof, it would be deficient, and, therefore, insufficient to support the judgment, in the particular that it does not affirmatively declare that the wrecking of the vessel and the damage to its equipment were willfully or negligently done. So construed, the findings as made do not support the judgment.

The judgment and the order appealed from are reversed and the cause remanded for a new trial.

Kerrigan, J., and Richards, J., concurred.