[Civ. No. 7701. First Appellate District, Division Two.—December 23, 1930.]

BAKER P. LEE et al., Appellants, v. MELVIN L FOLCEY et al., Respondents.

608

E. J. Miller and Henry St. Raynor for Appellants.

Dan V. Noland for Respondents.

NOURSE, P. J.—Plaintiffs sued for the cancellation of a number of separate written instruments conveying separate pieces of realty and for an accounting of the rents, issues and profits of such realty. Demurrers to the fifth amended complaint were sustained without leave to amend, but the trial court granted plaintiffs leave to move to amend if a proposed amendment was presented with the motion. This was done and the trial court again denied leave to amend and entered judgment for the defendants. The plaintiffs appeal upon a typewritten clerk's transcript which contains the fifth amended complaint and the proposed amendment.

In the fifth amended complaint it is alleged that the plaintiffs were owners of several distinct pieces of real property situated in Los Angeles and Imperial Counties; that on July 22, 1922, the defendants conspired for the purpose of defrauding plaintiffs out of said properties and that, as a part of said conspiracy, induced plaintiffs to enter into a contract with defendants Hesse and wife for the construction of an apartment house building on one of said lots located in the Crown Hill tract in the city of Los Angeles; that, as a part of said conspiracy, the plaintiffs were induced to execute and deliver to the Hesses two promissory notes amounting to $50,000 secured by mortgages on said Crown Hill lot; that the Hesses fraudulently delayed the

completion of said building for a period of more than fourteen months and transferred to other of the defendants the two notes and mortgages; that these latter defendants then threatened to foreclose said mortgages unless the plaintiffs should convey to them other real property which was done; that thereafter the defendant Folcey and wife came into the transaction, telling the plaintiffs that the other defendants were all crooks and were conspiring to defraud them of their properties but that, if the plaintiffs would transfer to them other properties owned by them, they, these defendants, would clear the mortgages mentioned and save all these properties to the plaintiffs. All these acts were alleged to have been taken with the knowledge and connivance of all the defendants as part of a general conspiracy to defraud the plaintiffs. As a result of these transactions it was alleged that the plaintiffs lost to the defendants all their real property valued at $60,000. The prayer was for a cancellation of all the written instruments, a reconveyance of these properties, and for an accounting.

The fifth amended complaint manifestly stated a cause of action and was good against the general demurrer. If it had pleaded damage in a specific amount and had prayed for a recovery of damages instead of for equitable relief it would have been in line with *Mox, Inc.*, v. *Woods,* 202 Cal. 675 [262 Pac. 302]. As said in that case (p. 677 of 202 Cal.) : ''The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design. The cause of action is the damage suffered.''

The only substantial objection to the complaint is that it states several separate causes of action and does not state them separately as required by section 427 of the Code of Civil Procedure. This arises because the complaint seeks the cancellation of separate written instruments affecting several pieces of property. If the plaintiffs had sued in tort for the monetary damages suffered from the entire transaction their complaint would have been free from this objection as well because, each separate overt act being alleged to be a part of the whole conspiracy, each conspirator is rendered responsible for the wrongful act, irrespective

of the degree of his activity. (*Mox, Inc.,* v. *Woods, supra,* p. 678 of 202 Cal.)

Such being the rule applicable in actions sounding in tort we are confronted with the question whether, when the action is in equity and seeks the return of specific real property, a different rule should be applied. Manifestly, in such a case some of the alleged conspirators might be improper parties because no relief could be given against them, but, otherwise we see no reason why the action cannot be maintained in equity as well as in tort.

■ The general demurrer to the fifth amended complaint should have been overruled. The special demurrer raising the objection of separate causes of action not separately stated was properly sustained. The proposed amended complaint removed this objection limiting the cause to the Crown Hill lot together with plaintiffs' pecuniary damage for loss of possession of that lot. The cause as pleaded in the proposed sixth complaint is one for the recovery of a specified tract of land and damages for its loss. This proposed complaint is precisely the same as that which was held good in the Mox case with the single exception that it seeks recovery of specific property in addition to the prayer for damages. If, in respect to the real property, the plaintiffs seek more than they are entitled to their complaint is not defective for that reason.

The judgment is reversed with directions to permit plaintiffs to file the proposed amended complaint.

Sturtevant, J., and Spence, J., concurred.

plaintiff offered as a witness one of the members of a "committee" which conducted the transactions at that time on behalf of defendants. From his testimony it appears that the corporation was financially embarrassed and that, in order to obtain accommodations from the bank it was necessary to make it appear that the note in suit was not outstanding; that, for this purpose, the committee persuaded plaintiff to deliver the note to this witness temporarily and to accept two other notes of the corporation made payable at a future date. The note in suit was delivered to the witness with the express understanding that it should be returned to plaintiff and that appellant's obligation should not be released. The witness then testified that he took the note from plaintiff under these conditions and later returned it to him. The note was received in evidence and bore no mark of cancellation or payment. From its judgment we must assume that the trial court rejected the conflicting testimony as unreasonable or improbable.