[Civ. No. 8289. First Appellate District, Division One.—May 16, 1932.]

K. M. HARWELL, Respondent, v. CHARLES REINIGER et al., Appellants.

Clyde C. Shoemaker for Appellants.

Goodspeed, Pendell & McGuire for Respondent.

KNIGHT, J.—The defendants, as owners of a tract of land near Los Angeles which they had subdivided into lots for the purpose of sale, accepted from plaintiff a deposit of $903 on the sale of a lot which they had previously contracted to sell to another; and upon their refusal to return the deposit plaintiff brought this action to recover the same and was awarded judgment, from which the defendants appeal. The trial took place before the court sitting without a jury and the main ground urged for reversal is that the findings when "taken in connection with the pleadings" do not support the judgment.

The complaint contained three causes of action, separately stated. The first and second were for rescission of contract on the grounds of failure of consideration and fraud, and the third was for money had and received. In its decision the trial court did not pretend to find separately on each cause of action, but followed chronologically the negotiations between the parties as they occurred, and then from the facts found drew the legal conclusion that plaintiff was entitled to the return of the deposit.

The objections defendants make against the sufficiency of the findings relate to matters pleaded in the first and second causes of action. ▇ It is well settled, however, that an action for money had and received will lie at the instance of a party not *in pari delicto* to recover money

paid under a void executory contract for the sale of real estate. (17 Cal. Jur. 613; *Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14]; *Smith* v. *Bach,* 54 Cal. App. 236 [201 Pac. 611]; *Smith* v. *Bach,* 53 Cal. App. 63 [199 Pac. 1106].) Therefore, if the findings as a whole are legally sufficient to sustain the judgment under the third cause of action, for money had and received, the question of their sufficiency in connection with the matters pleaded in the first and second causes of action becomes moot. Summarized, the material facts established by the findings are as follows: In July, 1927, defendants entered into a written contract to sell to plaintiff lot 107 of tract 8077 (not the one here involved) for the sum of $1750, and in conformity with the terms of the contract plaintiff made an initial cash payment thereon of $437 and thereafter paid the monthly installments of $17.50 and the interest on deferred payments up to April, 1928, at which time defendants agreed to sell to plaintiff the lot in question here, described as lot 117 in tract 9008, for the sum of $2,150, payable as follows: $903 cash down payment, and the balance in monthly installments of $21.50 a month with interest on deferred payments, the first installment falling due on May 10, 1929. At the same time defendants further agreed, according to the findings, "that if plaintiff would pay an additional sum of $210.00 to apply upon the balance of the unpaid purchase price of said Lot 107, defendants would release plaintiff from payment of any accruing interest on either of said Lots 107 or 117 for the period of one year thereafter, and that in the event plaintiff desired to be released at the end of a year from one or the other of said contracts to purchase, defendants would release plaintiff from one of said contracts as desired by plaintiff and cancel the same, and would apply all money theretofore paid on said contract by plaintiff, as a payment on the remaining contract". Pursuant to such agreement plaintiff paid to defendants $1113 and received in acknowledgment thereof a receipt reciting, among other things, the terms upon which lot 117 was to be sold, the application of $903 "as a deposit on a reservation" thereof, and the balance of $210 as a "pay up on Lot 107, Tract 8077, for one year", and providing for the execution of a sales contract to be thereafter prepared and signed subject to certain conditions specified in said receipt, among them being the recordation of the

map showing the plan of the subdivision, and the right of the owners "to return the above deposit at their option, at any time prior to the signing and execution of sales contract". The receipt further provided that the contemplated sales contract should contain the "conditions and restrictions set out in the owners' standard form of contract", which the trial court found were never agreed upon. Shortly after the acceptance of the deposit and the delivery of such receipt defendants informed plaintiff that they had previously contracted to sell said lot 117 to one Rose Roach; whereupon they tried to induce plaintiff to select another lot and apply the deposit thereon. Plaintiff declined to do so however and demanded the return of the $903, but defendants refused to return the same or any part thereof. Subsequently, and despite the outstanding Roach contract, defendants tendered to plaintiff a sales contract for said lot which they requested her to sign, but she refused to sign or accept the same, and thereafter brought this action to recover the deposit. Regarding the Roach contract, the trial court found that it had never been recorded, that plaintiff was not aware of its existence at the time she paid the deposit, and that said contract "ever since has been and still is a valid and subsisting executory contract of sale of said lot 117 to said Rose Roach". It further found that there was a failure of consideration for the payment of said deposit, and that the omission of defendants to inform plaintiff of the outstanding Roach contract constituted a fraud under the provisions of section 1572 of the Civil Code.

It is evident that regardless of the question of fraud or the failure to find on certain allegations contained in the first and second causes of action, the foregoing findings are amply sufficient, under the authorities above cited, to support a judgment for money had and received.

Defendants also contend that they were absolved from returning the deposit for the reason that, notwithstanding their knowledge of the existence of the Roach contract, they tendered to plaintiff a sales contract which she refused to sign or accept; and in support of such contention they seek to invoke the aid of the general rule that where there has been no fraudulent representation as to the vendor's title the fact that he has an imperfect title or no title at all, at the time of the execution of the contract of sale, does

not invalidate the contract of sale, since it is sufficient if the vendor has good title at the time he is called upon to perform. (*Lemle* v. *Barry*, 181 Cal. 6 [183 Pac. 148]; *Backman* v. *Park*, 157 Cal. 607 [137 Am. St. Rep. 153, 108 Pac. 686].) Such rule has no application here, however, because no sales contract was ever entered into. As shown by the findings and the contents of the receipt above referred to, the $903 was paid and accepted merely as "a deposit on a reservation" of a lot. The sales contract was a matter to be taken up and settled later, subject to certain conditions; and before those conditions were agreed upon or complied with, plaintiff learned that there was already an outstanding contract against said lot. Furthermore, there is the finding of the trial court that the failure to inform plaintiff of the outstanding Roach contract constituted a fraud. Clearly, under such circumstances, it cannot be held that she was required to proceed further with the transaction.

In our opinion the appeal is utterly without merit. The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 15, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 14, 1932.