[Civ. No. 8949. First Appellate District, Division One.—May 29, 1934.]

ETHEL B. WILSON et al., Respondents, v. RIGALI & VESELICH et al., Appellants.

Howard F. Shepherd for Appellants.

Henry Brown, Loris V. Cady and Margaret E. Faires for Respondents.

GRAY, J., *pro tem.*—The vendors of two lots in the city of Burbank, each under a separate contract, appeal from a judgment canceling those contracts and awarding to the vendees the total, with interest, of the several installments paid upon those contracts. The court found that appellants induced respondents to purchase the first lot by falsely representing (1) that they would resell said lot within a short time of purchase at a handsome profit, (2) that certain movie studios would be built close to said lot, which would greatly increase its value, (3) that the Sterling movie studio, which would be located a few blocks from said lot, was already planned and construction thereof would start shortly, (4) that Riverside Drive, intersecting or adjacent to the tract, in which the lot was located, would be fully completed, not only to the tract, but throughout its total length, (5) that a rapid transit tunnel would shortly

be completed through the hills from Hollywood to the tract, (6) that Whitnal highway from the terminus at Bakersfield would be completed in a short time and would intersect with Riverside Boulevard within a block of the lot, and (7) that the installation of water, electricity and all street improvements in the tract would be commenced shortly and be completed in a short time. It further found that appellants induced respondents to purchase the second lot by a repetition of such representations, that the representations were made as positive assertions in a manner not warranted by appellants' information and that the promises were made without any intention of performance. In addition the court found other facts necessary to support a judgment of rescission for fraud, but, which being unquestioned, are not set forth. Each of the above representations were statements or predictions as to the happening of future events which, alone, are considered as mere expressions of opinion and as such nonactionable. (*Lawrence* v. *Gayetty,* 78 Cal. 126 [20 Pac. 382, 12 Am. St. Rep. 29]; *Eade* v. *Reich,* 120 Cal. App. 32 [7 Pac. (2d) 1043].) However, the first and seventh involved promises by appellants, which being made, as found by the court, without any intention of performing the same, constituted fraud. (Civ. Code, sec. 1572, subd. 4; *Lawrence* v. *Gayetty, supra; Eade* v. *Reich, supra; Ayers* v. *Southern Pacific R. R. Co.,* 173 Cal. 74 [159 Pac. 144, L. R. A. 1917F, 949].) The promise, without any intention of performing it, to resell (*Boulevard Land Co.* v. *King,* 125 Cal. App. 224 [13 Pac. (2d) 864]) and to install improvements (see cases cited in 27 A. L. R. 345; 68 A. L. R. 640) each were actionable misrepresentations. The third, in addition to a prediction of the future construction of the Sterling studio, contained an assertion of an existing fact, to wit, that it had been planned, which, since false, was fraudulent. (*Russ etc. Co.* v. *Muscupiabe etc. Co.,* 120 Cal. 521 [52 Pac. 995, 65 Am. St. Rep. 186]; *California C. & C. Corp.* v. *Carpenter,* 77 Cal. App. 18 [246 Pac. 126].) A single fraudulent representation is sufficient to support the judgment. (*Stewart* v. *Crowley,* 213 Cal. 694 [3 Pac. (2d) 562]; *Harris* v. *Miller,* 196 Cal. 8 [235 Pac. 981].) The other four predictions as to future acts to be performed by others, may, for present

purposes, be conceded to be mere expressions of opinion and as such immaterial.

The intention not to perform a promise is a matter of inference from the facts proven and subsequent conduct may be sufficient to show such intention. (*Snyder* v. *City Bond & Finance Co.*, 106 Cal. App. 745 [289 Pac. 859]; *Bouey* v. *Porterfield*, 96 Cal. App. 674 [274 Pac. 766].) Appellants attempt to excuse their unquestioned failure to resell the lots on the ground that respondents, wishing to get the full benefit of increase in prices, were unwilling to sell until after the collapse of the market. Since the delay was due to their frequently repeated advice to hold for a greater increase, respondents cannot complain if adherence to such advice made a resale difficult, if not impossible. Respondents' purchase of the second lot, before a resale of the first lot, evidences a credulity and trust in appellants' promise, unwarranted by subsequent events, but does not show that, at the time, respondents knew that such promise to resell was faithless and therefore did not rely upon it. The water and electricity were installed at appellants' expense, but the cost of street work, constructed by public authority, was charged against the lots. Without the consideration of other evidence, the subsequent failure to perform warrants the inference that appellants did not intend to perform when they promised.

Each preliminary receipt and contract contained an express waiver of all promises, understandings or agreements not specified therein and each final contract provided that each buyer purchased as the result of her own inspection and not of any representation, that she waived any representation not set forth and that the seller should not be responsible for any inducement, promise, representation or agreement not embodied therein. Appellants argue that respondents, because of these provisions, should have insisted upon the incorporation in the agreements of the agent's representations and, having failed to do so, cannot recover therefor. They support this argument by citing *Gridley* v. *Tilson*, 202 Cal. 748 [262 Pac. 322]. In considering similar provisions under similar circumstances the Supreme Court, in *Simmons* v. *Ratterree Land Co.*, 217 Cal. 201, 204 [17 Pac. (2d) 727], said: "It is settled beyond doubt, manifestly on sound grounds of justice, that a seller

cannot escape liability for his own fraud or false representations by the insertion of provisions such as are embodied in the contract of sale herein. [Citing authorities.] Section 1668 of the Civil Code provides: 'All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or wilful injury to the person or property of another, or violation of law, whether wilful or negligent, are against the policy of the law.' " That case also states that the correct interpretation of *Gridley* v. *Tilson, supra,* is that in certain circumstances an honest principal may protect himself from his agent's fraud by inserting in the contract notice of the limitation of the agent's authority to make representations not therein embodied.

■ Appellants argue that since there is no proof that the lots were not worth their price at time of sale, respondents were not injured by the failure to perform the promise to resell and to install, at appellants' cost, the street work. While fraud, unproductive of injury, is not ground for rescission, the injury need only be slight and the buyer is entitled to the full value of the property, as represented, the price being immaterial. (*Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011].) Respondents were clearly damaged in the cost of the street work, which appellants agreed to but did not pay, and in the loss of a profit promised on a resale. ■ For over a year respondents paid all installments of interest and principal, and then, with appellants' consent, two installments of interest, and fifteen months later rescinded. At the time of sale the market for the lots was active but, when the payments ceased, had collapsed and appellants had withdrawn their selling organization. These facts, appellants argue, established an unreasonable delay in the discovery of the fraud and in rescission and also changed circumstances which make rescission inequitable. But it also appears that, during the same time, appellants reiterated their promises to resell but advised respondents to hold until the improvements were installed, which appellants delayed doing. Such conduct not only excuses the delay but estops appellants from raising the defense. (*Cooper* v. *Huntington,* 178 Cal. 160 [172 Pac. 591]; *Bechtold* v. *Coney,* 42 Cal. App. 563 [183 Pac. 841]; *Mabry* v. *Randolph,* 7

Cal. App. 421 [94 Pac. 403].) ■ Nor did the request for permission to pay the interest only constitute a waiver of the fraud and a ratification of the contracts, for, although suspicious, respondents had not yet been convinced of the falsity of the promises. (*Conner* v. *Butler*, 113 Cal. App. 502 [298 Pac. 546].)

■ Appellants contend that the court erred in overruling their special demurrer to each of the four counts of the amended complaint upon the ground that each contained several causes of action which were not separately stated. The first count sought the rescission of the two contracts, entered into on different dates and affecting different lots, but induced by the misrepresentations, found by the court, successively repeated. Each succeeding count, by incorporation, realleged all the allegations of the first. In addition, the second alleged a failure of consideration as to each lot, because of the falsity of the representations, the third alleged a common count for money received to and for respondents' use and the fourth alleged the first contract was void, because the first lot was sold by reference to an unrecorded map. Since each contract was entered into at a different time and related to different property it constituted a different transaction, although the misrepresentations were the same, and the demurrer should have been sustained. (*Lee* v. *Folcey*, 110 Cal. App. 607 [294 Pac. 742].) This error, however, did not prejudice appellants for they were fully advised of the facts upon which the respondents relied. (*Burd* v. *Downing*, 60 Cal. App. 493 [213 Pac. 287]; *People* v. *Fidelity & Deposit Co.*, 106 Cal. App. 372 [289 Pac. 231].) ■ Nor are the first and succeeding causes of action deficient for failure to expressly allege that there was no intention to fulfill the promise, since such was the effect of the averments on the subject. (*Langley* v. *Rodriguez*, 122 Cal. 580 [55 Pac. 406, 68 Am. St. Rep. 70].)

■ The fourth count sought to recover the payments on the first lot upon a theory of rescission and also upon a theory that its sale by reference to an unrecorded map was void. The purchase price, paid pursuant to such void executory contract, being without consideration, may be recovered in an action for rescission. (*Krause* v. *Marine*

*Trust & Sav. Bank,* 93 Cal. App. 681 [270·Pac. 246].)   It may also be recovered in an action for money had and received. (*Harwell* v. *Reiniger,* 123 Cal. App. 485 [11 Pac. (2d) 421].)   Since the findings are sufficient to support the judgment on the theory of rescission, it is really unnecessary to ascertain whether they support it on the other theory. (*Harwell* v. *Reiniger, supra.*)   ■ Ignoring the theory of rescission and fallaciously assuming that respondents had only a legal action to recover the payments, appellants criticise various rulings of the court, which, although moot, will be next considered.   Since respondents were entitled to prove either or both theories, it would have been reversible error if the court, on appellants' motion, had compelled an election. (*Goldwater* v. *Oltman,* 210 Cal. 408 [292 Pac. 624, 71 A. L. R. 871]; *Martinelli* v. *Luis,* 213 Cal. 183 [1 Pac. (2d) 980].)   ■ Conceding, for present purposes, that the municipal court had exclusive jurisdiction of the legal action, because of the amount involved, still the superior court had jurisdiction of the equitable action for rescission.   ■ The failure to find on appellants' plea that this legal action and another for money had and received, contained in the third count, was barred by the statute of limitations does not require a reversal, since there is no claim that the action for rescission was so barred.

■ The judgment canceled the contracts and awarded to respondents the total of the installments, together with interest on each from date of payment.   Since the only muniments of title respondents received were the contracts, the latter's cancellation terminated their interest in the properties and therefore a requirement that they execute quitclaim deeds would have been superfluous.   ■ The cancellation having been decreed upon a theory of rescission, interest should have been allowed only from date of rescission. (*Hayt* v. *Bentel,* 164 Cal. 680 [130 Pac. 432]; *Knight* v. *Bentel,* 39 Cal. App. 502 [179 Pac. 406]; *Taber* v. *Piedmont Heights Bldg. Co.,* 25 Cal. App. 222 [143 Pac. 319].)   The allowance of a total, which was $95.74 in excess of the amount the parties had stipulated had been paid on the contracts was also erroneous. (*Wilson* v. *Mattei,* 84 Cal. App. 567 [258 Pac. 453].)

The judgment is modified, with instruction to correct the same by deducting the sum of $95.74 from the principal and by allowing interest from date of rescission; and as thus modified it will stand affirmed, respondents to recover costs.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 26, 1934.