[Civ. No. 14709.   First Dist., Div. Two.   June 5, 1951.]

JUANITA G. CLARKE, Respondent, v. MAMIE ALICE BATES, Appellant.

Edward D. Mabson for Appellant.

Richard M. Lyman, Jr., and Andrew P. Costelli for Respondent.

DOOLING, J.—Mattie G. Stanley died in 1943, leaving as heirs Milledge Stanley, her husband, and Juanita Clarke, her daughter. Pursuant to a consent agreement entered into between the two heirs, Milledge and Juanita, the decree of distribution in the estate of Mattie gave to Juanita a parcel of real property in Oakland, together with the furnishings in the house thereon, subject to a life estate in Milledge. On an appeal from this decree, the agreement and the decree were held to be valid. (*Estate of Stanley,* 34 Cal.2d 311 [209 P.2d 941].)

In 1944 appellant, a niece of Milledge Stanley, moved in with him on the property in dispute. Milledge Stanley died on November 26, 1949, leaving his entire estate by will to his niece Mamie, appellant herein.

Appellant refused to vacate the premises after Stanley's death and Juanita brought the instant action for ejectment and damages. Defendant's answer denied that plaintiff owned or was entitled to possession of the property; alleged that defendant was entitled to the property under the will of Stanley and, by way of cross-complaint, alleged that Juanita Clarke was not the daughter of Mattie Stanley, but falsely and fraudulently represented herself as such, which resulted in the ''consent to distribution.''

Upon trial before a jury a directed verdict was ordered returned for the plaintiff.

Most of appellant's points on appeal rest on the premise that as personal representative of Stanley's estate appellant is entitled to the possession of this property as part of the corpus of that estate. Since Stanley had only a life estate in this property the premise is untenable and the several arguments based upon it need not be separately discussed.

The fact of Stanley's death is undisputed and on his death the remainder interest of respondent became a vested fee. It is therefore immaterial whether the decree previously secured by respondent terminating the life estate is binding on appellant. The judgment is amply supported by all of the other evidence.

█ The claim of another action pending is not available to appellant since it was not raised by her answer. (*Martin v. Pacific Southwest Royalties, Inc.,* 41 Cal.App.2d 161, 171 [106 P.2d 443].)

█ The title of respondent was proved without contradiction and no evidence to support the defense of fraud was produced. The court's action in directing a verdict was therefore proper.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.